## ROBARDS vs. COOPER.

Upon a bill to foreclose a mortgage given to secure the payment of a promissory note for the purchase of real estate, sold and conveyed by deed of warranty, it is no defence to set up, that at the time of the sale there was an incumbrance on the real estate, and that the vendor promised to remove the incumbrance before the note became due, and has failed to do so—such promise forming no part of the contract.

*Appeal from the Phillips Circuit Court in Chancery.*

Hon. CHARLES W. ADAMS, Circuit Judge.

FOWLER, for appellant. To a cross-bill, filed by a defendant against the complainant, who himself has brought the defendant into the forum, a demurrer for want of equity in such cross-bill, should never be permitted or sustained. *Mitf. Eq. Pl.*, p. 64, 65; 1 *Hoffm. Ch. Pr.* 356; *Head vs. Perry*, 1 *Mon. Rep.* 258.

The matter set up by the cross-bill—the incumbrance on the land, and the agreement to discharge it, was a part of the same transaction and proper for the interference of the chancellor.

S. WILLIAMS, for appellee. The only questions to be determined to sustain or reverse the decision below, were, 1st. Was the answer sufficient? That it was not, see 2 *Danl. Ch. Pl. & Pr.* 339, *note;* 4 *J. Ch. R.* 437 ; *Story's Eq. Pl.* 363; and secondly, whether the court correctly sustained the demurrer to cross-bill. As to parol evidence being inadmissible to vary or contradict written evidence, see *Jordan vs. Fenno,* 13 *Ark. Rep.* 594.

The demurrer was rightly sustained, because the plaintiff on cross bill had a complete remedy at law in case of disturbance from Ringo's mortgage, by resorting to the covenants of his deed.

It would certainly be necessary to aver in the cross-bill the insolvency of Cooper. *Rawle on Cov. for Title*, 518; 2 *J. C. R.* 520; 2 *Edward's Ch. R.* 37.

Mr. Justice WALKER delivered the opinion of the Court.

On the 12th of February, 1853, Robards executed to Cooper his deed of mortgage for certain negro slaves, to secure the payment of a promissory note of that date, executed by Robards to Cooper, for fifteen hundred and fifty dollars, payable on the 1st day of January next thereafter. After the note fell due, Cooper filed his bill in chancery in the Phillips Circuit Court, to foreclose the mortgage and subject the slaves to sale. Robards in his answer admitted the execution of the note and mortgage, and that part of the note still remained unpaid; but set up by way of cross-bill, that the note was given in consideration of a tract of land sold by Cooper to Robards, and conveyed to him by deed, with covenants of warranty of title, &c. That at the time of the purchase of the land, and the execution of the deed, the land was incumbered by a deed of mortgage executed by Cooper to William H. Ringo; that he (Robards) was apprised of the existence of the mortgage to Ringo, at the time of his purchase, and that Cooper promised that he would satisfy and discharge the same, and thereby remove said incumbrance before the note fell due, but that in fact said incumbrance, has not been removed, and that he is apprehensive that the land may be sold to pay the same. The complainant is made defendant to the cross-bill, and called upon to answer with a prayer, that complainant be enjoined from proceeding to collect said mortgage debt, until such incumbrance is removed.

The complainant demurred to the cross-bill. The ground of the demurrer was, in effect, that the affirmative matter set forth in defendant's answer, was insufficient to entitle him to the relief sought. The court below sustained the demurrer; the defendant declined all further defence, and a final decree was rendered for complainant, from which the defendant has appealed.

There can be no question, but that the demurrer to the cross-bill was properly sustained. The verbal promise of Cooper, that he would remove the incumbrance before the note became due, added nothing to, and formed no part of, the contract. If it had been the intention of Robards to withhold the purchase money until the incumbrance was removed, he should have so qualified his written promise to pay. The mere fact that there was an incumbrance upon the land at the time of his purchase, whether known or not, will neither entitle him to a rescission of the contract, nor to arrest the recovery of the note, executed for the payment of the purchase money, until the incumbrance is removed. Having entered into possession of the land purchased, the defendant must rely upon his covenants of warranty of title and quiet possession. Such is the general rule upon the subject, sustained by numerous decisions, collected by Mr. RAWLE, in his work on *Covenants*, page 640 to 657.

There is, in this case, no allegation of fraud, of eviction, or even that suit has been brought to recover possession, nor any other circumstances alleged, upon which to base an exception to the general rule. Ringo, who is alleged to hold the prior lien, has asserted no right to it, and may never find it necessary to do so. Cooper's ability to pay the sum due to Ringo, is not questioned, nor is there any circumstance developed by the pleadings to entitle the defendant to the relief sought in his cross-bill. Let the decree be affirmed.

Mr. Chief Justice ENGLISH not sitting in this case.