[No. 2,510.]

## R. S. THOMPSON *v.* N. CONNOLLY ET AL.

APPEAL FROM NEW TRIAL ORDER.—An appeal from an order denying or granting a new trial, must be taken within sixty days from the time the order was made.

STATEMENT ON APPEAL FROM JUDGMENT.—A statement on motion for a new trial cannot be considered on an appeal from the judgment, without some agreement of the parties that it shall be so used.

CONSENT TO ERROR.—A party will not be heard to complain of an error which was the result of his deliberate and formal consent.

STIPULATION AS TO HEARING MOTION FOR NEW TRIAL.—Parties may stipulate that the Court pass on a motion for a new trial before the statement is engrossed, and the engrossed statement agreed to or certified as correct.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

Ejectment for a lot of land in San Francisco. The plaintiff recovered judgment.

The other facts are stated in the opinion.

*B. S. Brooks,* for Appellants.

*John R. Jarboe* and *Elisha Cook,* for Respondent.

By the Court, NILES, J.:

The order overruling the defendant's motion for a new trial was made November 29th, 1869. On the 10th February, 1870, the defendants filed and served their notice of appeal from this order, and from the judgment, and upon the same day filed an undertaking upon that appeal. On the 25th June, 1870, the defendants gave notice of a motion to vacate the order of November 29th, 1869, and to bring the motion for a new trial to a hearing, upon the ground "that it was irregular to dispose of the said motion for a new trial before the statement was engrossed and settled." This motion was based upon affidavits showing, among other

things, that on the 5th November, 1869, the counsel for plaintiff and defendants entered into the following stipulation:

"In this case it is stipulated that the settled statement on motion for a new trial shall consist of the matters proposed to be inserted therein by the defendants' amendments to plaintiff's proposed statement on motion for new trial herein, and by what is left of the matters proposed to be inserted therein by plaintiff—said proposed statement, after striking out the matters proposed to be stricken therefrom by defendants' said amendments, and that on engrossing said statement said matters shall be copied therein with the same force and effect as if set out in said statement and amendments; that said statement need not be engrossed until after argument on motion for new trial; that on the said argument on motion for new trial all the matters herein stipulated as constituting the settled statement may be referred to as if such statement were engrossed; and that in printing the transcript on appeal by either party, all said matters shall be printed in said transcript, and that said transcript shall be stipulated to contain the statement on motion for new trial on which the case was argued on motion for new trial."

It further appeared that the order of November 29th, 1869, was made upon submission of the case by counsel, in pursuance of the foregoing stipulation, and before the statement had been engrossed or certified.

On the 7th July, 1870, the Court made an order overruling this last motion, and from this order, also, the defendants appeal.

First—The appeal from the order overruling the motion for a new trial was taken too late and cannot be considered.

Second—The transcript contains no statement on appeal from the judgment. A statement on motion for a new trial cannot be considered as a statement on appeal without some

agreement of the parties that it shall be so used. (*Cosgrove* v. *Howland*, 24 Cal. 457.) On appeal from the judgment, therefore, we can look at the judgment roll only. Upon this no errors are assigned or disclosed by the record.

Third—The action of the Court in overruling the defendants' motion for a new trial before the statement was engrossed, and the engrossed statement agreed to, or certified as correct, would have been error in the absence of any stipulation between the parties. But the stipulation of November 5th, 1869, was not only a direct waiver of the engrossment before the hearing of the motion, but rendered certain the matters which the engrossed statement should contain. It is not necessary to consider what would have been the effect of the omission to engross the statement before the hearing of the motion for a new trial, upon an appeal from the order denying the motion. It is sufficient to say that a party will not be heard to complain of an error which was the result of his deliberate and formal consent. Upon this ground we think the motion to vacate the order denying a new trial was properly refused.

Judgment affirmed.