<hr/>

[No. 792.]

## DUNCAN L. THOMAS, APPELLANT, *v.* J. D. SULLIVAN ET AL., RESPONDENTS.

STATEMENT ON MOTION FOR NEW TRIAL CANNOT BE CERTIFIED TO AFTER APPEAL IS TAKEN.—Where the court below allowed and settled a statement after action upon the motion for new trial and after an appeal was taken: *Held*, that the court had lost jurisdiction by the appeal and that the statement on motion for new trial must be disregarded.

IDEM—EFFECT OF ORDER PREMATURELY MADE.—The effect of the reversal of an order granting a motion for a new trial, when the reversal results from the fact that the decision was prematurely made, is to leave the motion still pending in the court below to be regularly and properly disposed of.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts are stated in the opinion.

*D. E. Bailey*, for Appellant.

I. The court erred in granting defendant's motion for a a new trial, when there was no certificate attached to the statement on motion for new trial, as required by law. Under the practice act and the decisions of the supreme courts both of this state and California, there was no motion or statement for a new trial on which the judge of the court below acted, when the order was made. (Comp. L., vol. 1, sec. 1258; *White* v. *White*, 6 Nev. 20; *Dean* v. *Pritchard*, 9 Id. 332; *Morris* v. *De Celis*, 41 Cal. 331; *Waggenheim* v. *Hook*, 35 Id. 216; *Cosgrove* v. *Johnson*, 30 Id. 509.)

II. If the statement was properly authenticated as required

by law, there is nothing in the evidence adduced upon the trial which would warrant the judge in the court below granting the order on motion for a new trial. The new trial was granted by the court below on the ground of the insufficiency of the evidence to justify the verdict, and upon that alone.

*Hillhouse & Davenport*, for Respondent.

I. We concede that there are some authorities in this state which authorize the appellate court to refuse to examine a statement on motion for new trial that is not properly certified to before an appeal is taken, and without asking that these decisions be reversed, we think we can suggest a remedy by which the evil results of such a course of decisions can be avoided. We submit herewith the affidavit of the district judge who granted the new trial herein. On that, we ask that what purports to be a statement on motion for new trial be considered on this appeal, as it was upon motion for new trial; or if, under the decisions, this court should think this would, to some extent, unsettle the practice, then let an order be made reversing the order granting a new trial and remanding the matter, with instructions to re-submit the motion to the judge who decided the motion, with leave to him to certify to the statement and decide the motion.

In all the cases where these technical objections have prevailed, we find no affidavit, and nowhere is there any request to remand the case, with instructions to re-submit motion. We refer the court to sec. 1131, Comp. L. of Nevada, and to the case of *Flynn* v. *Cottle* (47 Cal. 526).

*D. E. Bailey*, in reply.

I. The respondents, in their brief, virtually admit that the points made by appellant are correct, and seriously ask that the case be re-submitted to Judge McKenney. There is nothing in the statute to warrant such practice, and the case cited by counsel of *Flynn* v. *Cottle* (47 Cal. 527), does not even suggest any such proceeding. This method, however, was suggested to this court by counsel for appellants in the

case of *Dean* v. *Pritchard*, but was answered by the court citing the case of *Caples* v. *Central P. R. R. Co.* (6 Nev. 271–2.)

All the authorities hold—and there is no conflict—that when a motion for a new trial is granted on a defective statement, it is the same as if no statement had been filed, and there is no foundation for such an order.

·By the Court, BEATTY, J.:

In this case the plaintiff appeals from an order granting a new trial; the principal ground of the appeal being that the court erred in granting the motion "when there was no certificate attached to the statement on motion for new trial as required by law." It appears from the record that the motion was granted September 13, 1875; that this appeal was taken and perfected on the eighteenth of October following, and that on the next day, October 19, 1875, the district judge attached the following certificate to the "engrossed statement" on motion for new trial:

"The foregoing statement is correct, and has been allowed by' me. I make this certificate of the date of September 13, 1875, on motion of counsel for defendants. This statement was settled by me and is correct. I further certify that this statement was settled in Eureka county, Nevada, before me with both parties present, and that the motion for new trial was submitted to me on this statement by consent of attorneys for the respective parties. Dated October 19, 1875. D. C. McKenney, D. J."

This certificate having been made after the district court had lost jurisdiction of the case for that purpose, we are compelled to wholly disregard the statement to which it is affixed, and as there is nothing to support the order granting a new trial, it must be reversed. The cases of *Lamburth* v. *Dalton* and *Dean* v. *Prichard*, are precisely in point. (9 Nev. 66 and 232.)

But counsel for respondents, upon a suggestion of the circumstances under which their motion was decided, ask that, in case the order is reversed, the cause be remanded, with directions to the district judge to make a proper certi-

ficate to the statement, and then to decide the motion for a new trial.

The circumstances so suggested are set forth in an affidavit of the district judge filed in this court, from which it appears that at the time this case was tried, Judge McKenney was judge of the sixth district, embracing Eureka county; that the case was tried at Eureka, and the statement on motion for new trial settled by him and ordered engrossed, that shortly after the settlement of the statement, and before its engrossment, he ceased to be judge of the sixth district and became judge of the fifth district, which does not embrace Eureka county; that subsequently the engrossed statement and the motion for new trial were submitted to him at Austin; that his decision of the motion, together with the engrossed statement, was returned to Eureka, he having failed, through inadvertence, to affix his certificate to the statement, and that he afterwards made the certificate of October 19, above quoted.

These suggestions, and the application of respondents founded thereon, present a question which has never been considered by this court; that is, what is the effect of the reversal of an order granting a motion for a new trial when the reversal results solely from the fact that the decision of the motion was prematurely made? Does it forever destroy the right of the moving party to proceed with his motion? Or is its effect limited to the order irregularly and prematurely entered, leaving the motion still pending in the court below, to be regularly and properly disposed of? The latter view is sustained by the case of *Morris* v. *DeCelis* (41 Cal. 331), and is not opposed by any decision of this court. The point was involved, perhaps, in the cases of *Lamburth* v. *Dalton* and *Dean* v. *Pritchard*, but it was not presented to the court, and of course not passed upon. In this case, however, the respondent presents the point by the facts suggested, and his request that upon a reversal of the order appealed from the case be remanded for further proceedings. We think that if the facts suggested are true, the case should be remanded. They are not precisely those presented by the case of *Morris* v. *DeCelis*, but they involve the same principle. It was there decided that when

the district court has granted a motion for a new trial before settling the statement, and before the motion has been submitted, it is proper to move in the district court to vacate the order; and if that motion is denied, though the ruling of the district court must be reversed on appeal, the cause will be remanded "for further proceedings for the orderly determination of the motion for a new trial."

If the motion in this case was decided before it was submitted, or what is equivalent to the same thing, if it was decided without complying with the conditions upon which it was submitted, it was prematurely decided, and the inadvertence of the judge ought not to prejudice the moving party. Now what were the conditions upon which the motion was submitted? There were no *express* conditions, but there were conditions clearly implied. The engrossed statement was sent from Eureka to Austin, and submitted to the district judge at the same time that the motion was submitted. It was clearly his duty to attach the proper certificate to the statement before he decided the motion, and it must have been the understanding on both sides that he would do so. The submission was therefore a conditional submission, a submission upon the understanding that the statement should be settled before the decision of the motion.

But the district judge, through inadvertence, decided the motion first, and before the defendants discovered and had time to remedy the inadvertence, the plaintiff took and perfected his appeal, and now claims that he has by that means forever deprived the respondents of any opportunity of having their motion decided upon its merits. We think, that if the facts are as suggested, he is mistaken in that view. We must undoubtedly reverse the order of the district court, but we only reverse *that order*. If there is nevertheless a motion for a new trial regularly pending, and if that motion has never been decided in accordance with the terms of its submission, there is nothing to prevent the district judge from now settling and certifying the statement and then deciding the motion upon its merits.

The order appealed from is reversed and the cause remanded.