[No. 5552.]

ANTONIO SPINETTI, GUARDIAN OF THE ESTATE OF CARLOTTA CAMAJANO v. GIACOMO BRIGNARDELLO AND AUGUSTUS D. SPLIVALO.

APPEAL FROM JUDGMENT.—Upon an appeal from the judgment the only papers that can be considered are the notice of appeal and the judgment roll.— [REPORTER.]

JUDGMENT BY CONSENT.—Where a defendant consents to a judgment against him, he waives a demurrer to the complaint.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

Antonio Spinetti, as guardian of the estate of Carlotta Camajano, a minor, sued Giacomo Brignardello and Augustus D. Splivalo, sureties upon the bond of N. Larco, administrator of the estate of Andrew Camajano, deceased, to recover two thousand eight hundred and fifty-nine dollars and twenty-six cents, due from him as administrator of his decedent. A demurrer was overruled, and defendants filed an answer.

After the answer was filed, a stipulation was entered into by which it was agreed that the case should be continued for a certain time, and the sum admitted to be due should be paid in certain installments with ten per cent. interest. This stipulation was also made: "If the defendant shall neglect for one day, without any demand being made, to make any payment as aforesaid, upon proof to the Court by affidavit of such neglect, it is stipulated that judgment may be entered for the whole of said sum of money as aforesaid, and interest and costs." Upon an affidavit of the guardian to the effect that none other than one payment and the sum of two hundred dollars was paid, leaving still due the sum of two thousand seven hundred dollars, judgment was rendered for the plaintiff, and defendants appealed.

*B. S. Brooks*, for Appellants.

The stipulation did not warrant the entry of judgment.

1. It is obvious, from the terms of the stipulation, that judgment is not to be entered thereon except upon a total failure, because it says that the judgment is to be entered upon the stipulation only in case of the failure of the defendants to make any payment; and further, it is provided that upon affidavit of such failure, judgment is to be entered for the whole sum, with interest, which could not be if a part had already been paid. As the affidavit in the case showed that there had not been an entire failure, the defendants had a right to be heard upon the questions whether anything, and if so how much, was due.

2. The stipulation does not waive, nor is it intended to waive,

notice.    After appearance, a defendant or his attorney is entitled to notice of all motions for final orders in the cause, and especially a motion for final judgment.    (Code of Procedure, secs. 1010–1015 ; *Vallejo* v. *Green*, 16 Cal. 161.)

*J. F. Cowdrey*, for Respondent.

In reply to appellants' point that no notice of the application for judgment was given, we reply that the stipulation contains the entire contract, and there is no stipulation for notice, and outside of this stipulation there is no rule of law requiring notice of an application for judgment upon a stipulation for judgment.

"The parties having made their own stipulation, we cannot alter it or change its terms, or relieve the defendants from its obvious consequences."    (*Keys* v. *Warner*, 45 Cal. 63.)

If it was necessary to give notice of application for judgment, the presumption is that it was given, unless a bill of exceptions shows the fact to be otherwise.    Courts will not look into judgment rolls for evidence of service of notice of application for judgment upon stipulation of the parties, when such notice, if given, would be no part of the judgment roll.

By the Court, McKINSTRY, J. :

This is. an appeal from a final judgment, and the only "papers" we can consider—inasmuch as there is no bill of exceptions—are the *notice of appeal* and *judgment roll*.    (Code of Civil Procedure, sec. 950.)    The *stipulation* printed in the transcript is no part of the judgment roll, but the roll includes only the complaint, demurrer, order on demurrer, and judgment. (Code of Civil Procedure, sec. 670.)

The judgment was entered, as appears by the recital therein, " on reading and filing the stipulation of the respective parties " —that is, by consent.    Such consent was a waiver of the demurrer, and we are not called upon, therefore, to determine whether the demurrer was well taken.

No other question is presented by the record.

Judgment affirmed, with ten per cent. damages.