[No. 7512.—In Bank.]
March 14, 1882.

S. E. ALDEN v. A. D. PRYAL, ET AL.

60  215
109  426

60  215
128  516

60  215
143  645

PROMISSORY NOTE—MORTGAGE—FAILURE OF CONSIDERATION—SALE OF LAND —FRAUD—MISTAKE IN QUANTITY.—In an action to foreclose a mortgage for the purchase money of land sold and conveyed to the mortgagor by the mortgagee, the defendant set up in his answer, and on the trial in effect offered to prove false and fraudulent misrepresentations as to the boundaries and quantity of land sold, a partial failure of title and an offer to rescind; but did not offer to prove eviction. *Held*, that the evidence was rightly excluded. (McKEE, dissenting).

MORTGAGE—ATTORNEY'S FEE—FORECLOSURE.—The mortgage foreclosed provided for "counsel fees and changes of attorneys, and counsel employed in such foreclosure suit not exceeding——." *Held*, counsel fees were properly allowed.

APPEAL from a judgment for the plaintiff and from an order denying a new trial in the Superior Court of Alameda County. CRANE, J.

The defendant was sworn as a witness, and upon the inquiry of the Court as to what facts were proposed to be proved by said witness, the attorneys for defendant offered to prove by said witness the following state of facts:

"Mr. Griffith. Well, Sir (to the Court), we propose to prove by Mr. Pryal and other witnesses, that Mr. Alden, at the time he conveyed us this land by certain metes and bounds, so many feet front, knew that he did not own that amount of land. We will prove further by Mr. Pryal that he furnished us with a map representing that he did own the land, although he knew at the time that he did not own it. That we had no means of ascertaining what the true boundary of the land was, excepting his representations and the map that he

furnished us. We expect to prove by Mr. Pryal that the piece of land as represented to him by Mr. Alden was suitable for the purposes he desired to purchase it for, and that it was worth the amount that is specified there, and we will prove by Mr. Pryal that soon after he had purchased it he was notified by the county that the road ran in some twenty feet upon the premises. The road was laid out, I think, as early as 1862, yet there seemed to have been some dispute in relation to where the line ran. The Board of Supervisors, since 1877, ordered a resurvey of the road by the County Surveyor. The resurvey was made, and ran where the original survey called for, taking off this twenty (20) feet. The resurvey was subsequent to the execution of the mortgage. That matter of the road was of record in the records of the Board of Supervisors, but then the obstructions in the road had never been removed. The fences had never been moved back, although the Board of Supervisors had declared the road opened. Now, we offer to prove by Mr. Pryal that the true lines were not such as designated and pointed out by Mr. Alden, and such as represented by this map; that at the time of the purchase there was a building standing on these premises, erected by Mr. Alden himself; that the building could not be placed upon the land that was left there without obstructing the public road, so that the premises are utterly worthless. And when we found that the lines were given to us incorrectly, and that the property was not suitable for the purposes for which he sold it to us, we offered to surrender to him all the right and title we had, to deed to him all the right, title and interest we had acquired by virtue of this deed, on his surrendering to us the note and cancellation of the mortgage. We expect to show further that this very land was dedicated for road purposes, which land Mr. Alden afterwards sold to Mr. Pryal. We propose to show further that Mr. Alden was one of the petitioners for opening this road, and that he was before the Board of Supervisors, and the road was declared opened; that it was dedicated to road purposes, a portion of this land that he afterwards sold to Pryal. Now, after taking out that portion of the land that he dedicated for the road, the balance of the land is of no value whatever, and is not large enough

for the very building Mr. Alden sold to us, and which he had erected himself on the premises."

To all and every portion of which testimony so proposed and offered, counsel for plaintiff then and there objected, on the grounds that the same was incompetent, irrevelant, and immaterial.

The Court. "I understand you to say your client, Mr. Pryal, had possession of this land, with the exception of this land taken for the road. He has it in possession yet. Is that the fact, Mr. Griffith ? "

Mr. Griffith. " No; we are not in possession of the whole."

The Court. "Is Mr. Pryal in possession of the land described in that deed ?"

Mr. Griffith. "Not the whole of it, sir. In consequence of the proceedings for a road he has been compelled to pull down some buildings he had erected there, and been compelled to remove his business off the property entirely."

The Court. "What portion of it is he in possession of now ; or was he when this suit was commenced ?"

Mr. Griffith. "We do not claim to be in possession of any. We offer to deed back to him all the right, title and interest we have in the property. Mr. Pryal informs me that after these proceedings were commenced he was compelled to remove his buildings and his business away from that place. While the building is still standing there—has not been abolished or removed by the county—we do not claim the possession at all, because we are ready to deed back to him; and we are not actually, physically, in possession of any of it ; only in possession constructively by purchase from Mr. Alden. We went into possession under the deed, and we held the possession until we discovered that he did not own all the land; and since we have discovered that, we have removed our buildings and business from the premises. Mr. Pryal is not actually in possession there now. The county has not abolished that house yet."

*A. H. Griffith* and *J. C. Martin,* for Appellant:

The Court erred in excluding the evidence of the defendant of a total failure of consideration for the note and mortgage. The evidence offered was within the issue, viz : total failure

of consideration. There is no doubt that a total failure of consideration may be pleaded in bar of an action upon a promissory note, and evidence tending to prove such plea is always admissible upon the trial. (*Rees* v. *Gordon,* 19 Cal. 149 ; *Warner* v. *Daniels,* 1 Woodb & M. 110; *Hardeman* v. *Benge,* 10 Yerg. 202 ; *Bingham* v. *Bingham,* 1 Ves. 126 ; *Sedgwick* v. *Sedgwick,* 58 Cal. 214 215.)

And it is not necessary that the defendant should be evicted before he can avail himself of this defence, because the plaintiff, Alden, is not barred by adverse possession. (*Freemster* v. *May,* 13 Smed. & M. 275 ; id. 532, 534.)

The evidence offered was admissible and within the issue, because the answer alleges the defendant was induced to make the purchase through the fraudulent misrepresentation of the plaintiff, and was a full and complete defense to the plaintiff's action. (*Alvarez* v. *Brannan,* 7 Cal. 506; *Gifford* v. *Carroll,* 29 id. 592 ; *Collins* v. *Townsend,* 7 P. C. L. J. p. 178; *Perley* v. *Balch,* 23 Pick. 285 ; *Hagard* v. *Quinn,* 18 Pick. 95 ; 2 Kent's Com. 475, 476 ; Sug. on Ven., vol. 1, p. 435, § 10 ; Civil Code of California, § 1572).

The evidence offered by the defendant, and ruled out by the Court as irrelevant, was to prove a concurrence of fraudulent intent and fraudulent representations on the part of the plaintiff, Alden, and that the representations were false in fact and were made fraudulently. The evidence of these facts proving the same, the defendant's defense fell within the purview of Sec. 1572, C. C., and was a complete defense to the plaintiff's action.

The Court erred in rendering judgment against the defendant for one hundred and twenty-five dollars for plaintiff's attorney's fees for foreclosure of mortgage—neither the mortgage nor note provided for counsel fees. The plaintiff is not entitled to counsel fees. (*Sichel* v. *Carrello,* 42 Cal. 308.)

*J. E. McElrath,* for Respondent :

At the date of the purchase, the defendant entered into possession of the premises, and has never been evicted therefrom. He now seeks to avoid paying the note, on the grounds: 1. Partial failure of consideration. 2. Fraud, consisting of false representations as to the quantity. 3. That the appellant

offered to rescind the contract. The judgment should be affirmed, notwithstanding each of the grounds might be true. *The first ground is untenable,* because a partial failure of consideration cannot be pleaded in bar of an action upon a note for the purchase price of land. (*Reese* v. *Gordon,* 10 Cal. 147.) Especially is this so where there has been no eviction. (*Jackson* v. *Norton,* 5 Cal. 264; *Peabody* v. *Phelps,* 9 id. 226; 1 Johns Ch. 213; 2. Sandf. Ch. 344; 2 Kent's Com. 473; 5 Johns Ch. 29, 79; 5 Paige, 300; 2 Edw. Ch. 37; 3 id. 124; 25 Wend. 107; 26 id. 109.)

*The second ground is untenable,* because fraud cannot be predicated on false representations as to title. The party must look to the records of the county. (*Peabody* v. *Phelps,* 9 Cal. 226; *Wright* v. *Carrillo,* 22 id. 596.)

*The third ground is untenable.* The offer to rescind was not in time. (*Barfield* v. *Price,* 40 id. 535.) And besides, there is no allegation of outstanding paramount title. (*Riddle* v. *Blake,* 4 id. 264.) And no offer to account for the rents and profits. (*Walker* v. *Sedgwick,* 8 id. 398.)

MYRICK, J.:

This is an action to foreclose a mortgage. The premises as described in the complaint consist of a triangular piece of land at the junction of Telegraph (University) avenue, Oakland, with the Lafayette road, fronting ninety-six and sixty one-hundredths feet on the avenue, and two hundred and twenty-six and sixty one-hundredths feet on the road. The answer of the defendant Pryal alleged that the mortgage was given to secure the payment of the purchase money; that plaintiff falsely and fraudulently misrepresented the boundaries and quantity of the land, in that he represented he was selling and had a right to sell a frontage on the avenue of ninety-six and sixty one-hundredths feet, when in fact he did not own such frontage or any greater frontage than fifty-six and sixty one-hundredths; that by reason of the shape of the piece of land, the taking off twenty feet front on the avenue, running back, the land became of no value; and the defendant averred that the consideration for the note had entirely failed.

The defendant offered and read in evidence the deed, which

is a grant, bargain and sale deed of the ordinary form, and contains no express covenants. The defendant then offered to prove that in 1862 the Board of Supervisors of Alameda county laid out the avenue as a public highway, which included the twenty-foot strip, but that the inclosures of plaintiff were not removed; that plaintiff represented to defendant that he owned and was selling according to the deed and inclosures; that after the making of the deed and mortgage there was a dispute as to where the true lines ran, and the Board of Supervisors ordered a re-survey, which was made and ran where the original survey was made, taking off the twenty feet; the proceedings in regard to the road were of record in the records of the Board of Supervisors, but the obstructions had not been removed; that at the time of the purchase plaintiff furnished to defendant a map which designated the premises according to the deed; and that when defendant ascertained that the strip of twenty feet was taken off, he offered to re-deed on the note and mortgage being surrendered. The Court below sustained plaintiff's objection to the testimony, and this ruling is alleged as error.

There are three answers to the defendant's proposition, viz: 1. The records of the Board of Supervisors were open to the inspection of the defendant, and he could have easily ascertained where the lines of the road were, and whether the road included any portion of the described land. 2. The plaintiff, if he were the owner of it, had the right to sell, and the defendant to buy, the fee of the twenty-foot strip, subject to the easement of the highway. There could not, therefore, have been a failure of consideration, either as to that or as to the balance of the land. Each was of some value. 3. There was no offer to prove an eviction.

Another point is made. The mortgage contained the clause " Counsel fees and charges of attorneys and counsel employed in such foreclosure suit not exceeding——." It is claimed that this clause does not provide for counsel fees, and that the Court erred in awarding the same. We think the correctness of the action of the Court is apparent.

Judgment and order affirmed.

Ross, J., concurred.

SHARPSTEIN, J., concurring:

I concur in the affirmance of the judgment on the ground that the facts which the defendant offered to prove would not constitute a defense to the action. He did not offer to prove either an actual or constructive eviction. The laying out of a highway through the premises did not amount to an eviction from any portion of the land. If all the proceedings of the Board of Supervisors had been valid and such as to vest in the public a paramount title, it might have amounted to an eviction. But there was no offer to prove that they were valid. Until that is shown there is no sufficient ground upon which to base a defense of a failure of consideration in whole or in part.

THORNTON, J. :

In my judgment there was no error committed by the Court below as to counsel fees. On the other point, I agree with Sharpstein, J., and that the judgment and order should be affirmed.

McKEE, J., dissenting:

I dissent. In an action to foreclose a purchase money mortgage, the mortgagor is entitled to set up as a defense, and to prove, fraud or misrepresentation in the sale and conveyance of the mortgage premises, without first averring and showing an *eviction.*

Unquestionably, it is true, as a general rule, that a mortgagor, in such a case, will not be allowed to interpose as a defense against foreclosure, want of title, or defect of title in the mortgagee. The rule of *caveat emptor* binds the mortgagor as vendee of the mortgage premises to see to the title which he acquires by his purchase, or to protect himself by covenants in his deed. Where his contract of purchase has been executed by a conveyance of the land, he must rely upon the covenants in his deed in case of eviction or loss. He can not, in an action to foreclose the mortgage given by him to secure payment of the purchase money, attack his grantor's title, or show a defect in it, unless he has been evicted by paramount title. That is the general rule, but there are exceptions

to it as well defined and as firmly established, as the rule itself. Those exceptions are in cases of mistake, fraud, or misrepresentation. In such cases it is not necessary to show eviction. (*Booth* v. *Ryan*, 31 Wis. 45; *Grant* v. *Tallman*, 20 N. Y. 191; *Robards* v. *Cooper*, 16 Ark. 288; *Conwell* v. *Clifford*, 45 Ind. 392.) The party is relievable in equity.

"It would," says Chancellor Kent, in *Gillespie* v. *Moon*, (2 John's Ch. 596; S. C., 7 Am. Dec. 559), "be a great defect in what Lord Eldon terms 'the moral jurisdiction of the Court,' if there was no relief for such a case. * * * I have looked into most, if not all, of the cases on this branch of equity jurisdiction, and it appears to me to be established, *and on great and essential grounds of justice, that relief can be had against any deed or contract in writing founded in mistake or fraud.*"

The general rule and its exceptions are thus stated by the Supreme Court of Ohio. (*Hill* v. *Butler*, 6 Ohio St. 217.) "In general, where the title fails, in whole or in part, a Court will decree a return of the purchase money, even after the purchase money has been paid, and a delivery of the deed containing covenants of warranty, provided there had been a fraudulent misrepresentation as to the title. (*Edwards* v. *McLeay*, Cooper's Eq. 308; *Fenton* v. *Browne*, 14 Ves. 144.) *But if there be no ingredient of fraud*, and the purchaser is not evicted, or something equivalent to an eviction has not transpired, the insufficiency of the title is no ground for relief against a security given for the purchase money, or for rescinding the purchase and claiming restitution of the money. The party is remitted to his remedies on his covenants to insure the title. (*Abbott* v. *Allen*, 2 Johns Ch. 519; S. C., 7 Am. Dec. 554; *Edwards* v. *Bodine*, 26 Wend. 109; *Barkhamstead* v. *Case*, 5 Conn. 528; S. C., 13 Am. Dec. 92; *Maner* v. *Washington*, 3 Strobh. Eq. 171."

I think, therefore, that the Court below erred in excluding the evidence offered by the defendant to prove the defense of misrepresentation and fraud set up in the answer, and that the judgment ought to be reversed.