[No. 1448.]
## JOHN J. CROSBY, RESPONDENT *v.* THE NORTH BONANZA SILVER MINING COMPANY, A CORPORATION, APPELLANT.

PRACTICE—NEW TRIAL—PREMATURE RULING UPON.—A motion for new trial, when made upon a statement, should not be ruled upon until the statement has been settled and authenticated. If done, the ruling is irregular and premature, and should be vacated upon motion.

IDEM—ERRORS—WHEN WAIVED.—A party cannot avail himself of an error to which he has consented, or which has been induced by his own acts, when free from misapprehension or mistake.

IDEM—STATEMENT—STIPULATION.—Where, before a statement has been settled, counsel stipulated that the motion for new trial should be submitted for decision, and it is not shown that this was done through inadvertence or mistake, a ruling on the motion does not constitute error of which the party can take advantage.

IDEM—NEW TRIAL—MOTION FOR, SUBMITTED, HOW VACATED.—Where a motion for new trial has been regularly submitted upon a sufficient statement, a ruling thereon cannot be subsequently vacated on motion, but the only remedy is by appeal. (Syllabus by BIGELOW, C. J.)

Appeal from the District Court of the State of Nevada, Storey county; *A. E. Cheney*, District Judge:

Action by John J. Crosby against the North Bonanza Silver Mining Company. Judgment for plaintiff. From an order overruling a motion for new trial, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Alfred Chartz*, for Appellant:

I. The party or attorney who seeks to avail himself of the want of written notice of the presentation for settlement of a bill of exceptions and the amendments thereto, or of any technicality not affecting his substantial rights, must be held to a prompt, consistent and exact assertion of such technical right. (*Hicks* v. *Masten*, 101 Cal. 651; Hayne N. Tr. & A., 409 and 395; *Young* v. *Rosenbaum*, 39 Cal. 654; *Shields* v. *Horback*, 58 N. W. Neb. 793.)

II. "If, however, the facts should appear to the appellate court in accidental or unusual manner, such as by stipulation of the parties or by a recital in the order disposing of

the motion, there seems to have been no good reason why, under the old practice act, the defect should not have been held to have been waived." (Hayne on New Trials and Appeal, p. 469.) The old practice act above referred to is identical with ours, and remained so down to 1872, and decisions rendered upon this statute apply to the case at bar.

III. Where a party appears and argues a motion for a new trial, he cannot afterwards object that the statement was not agreed to by him, and that it was not settled by the judge. (*Dickenson* v. *Van Dorn*, 9 Cal. 207; *Williams* v. *Gregory*, 9 Cal. 76; *Morris* v. *Engle*, 42 Cal. 236; Estee's Pleadings, vol. III, 478.)

IV. The court should not have decided the motion, or should have decided it as though any objection had been waived. (*Biaggi* v. *Howes*, 63 Cal. 384; *Matter of Wiertbitszky & Co.*, 88 Cal. 333; Hayne, p. 499; sec. 134, p. 373; sec. 11, p. 51; *Simpson* v. *Ogg*, 18 Nev. 31, 34.)

V. An order granting or refusing a new trial, made after the regular submission of a motion for that purpose, is reviewable only on appeal. But it is otherwise, where such an order has been inadvertently or prematurely made. (*O. F. Sv. Bank* v. *Duprey*, 66 Cal. 170; *Morris* v. *DeCelis*, 41 Cal. 331; *Hall* v. *Pollack*, 42 Cal. 218; *Coombs* v. *Hibberd*, 43 Cal. 453; *Nichols* v. *Dunphy*, 10 P. C. L. J. 193; *Thomas* v. *Sullivan*, 11 Nev. 280.)

VI. In the case at bar there was no argument upon the motion for new trial. It was stipulated that the court might decide the motion without further argument, and comes within the line and spirit of the case of *Thomas* v. *Sullivan*, 11 Nev. 280, and *Morris* v. *DeCelis*, *supra*, and the case of *O. F. Sv. Bank* v. *Duprey*, 66 Cal. 170, and this court cannot say, as was said in *White* v. *White*, 6 Nev. 23, and in *McWilliams* v. *Hirshman*, 5 Nev. 263, that the party moving may have appeared simply to make his objections, and the record could not show what he appeared for.

VII. *Thomas* v. *Sullivan*, 11 Nev. 280, is the only case in this state where the question involved in this case is decided. The proceedings in this case are much more regular than they were in *Thomas* v. *Sullivan*. In this case, as in *Morris* v. *DeCelis*, a motion was made to vacate the order, and the

motion was denied as in that case, and now an appeal is taken from that last order, as in *Morris* v. *DeCelis,* which cause was " remanded for further proceedings for the orderly determination of the motion for new trial."

VIII.   An order denying a motion for new trial, when there is no statement settled on file, is erroneous. (*Hart* v. *Burnett,* 10 Cal. 64.)

IX.   The duty of the court in case a skeleton bill of exceptions is presented or a statement on motion for a new trial improperly presented for settlement is illustrated by the following authorities: *Sampson* v. *Myers,* 80 Cal. 485–487; *Hicks* v. *Masten,* 101 Cal. 651; *Vischer* v. *Smith,* 92 Cal. 60; *Hollom Parker, Petitioner,* 131 U. S. 221; 97 Mo. 331; 131 U. S. 221.

*F. M. Huffaker,* for Respondent:

I.   Rule 10 of the district court provides " The notice of motion shall be in writing and shall specify the papers to be used and the names of witnesses to be examined by the moving party, etc.   For a failure to comply with this rule the motion shall be denied."   This rule is imperative and counsel should have complied with it.   " Rules of court should be regarded and held to be as binding and obligatory upon litigants as any other statute or rule of civil conduct." (*Lightle* v. *Ivancovich,* 10 Nev. 41; *Haley* v. *Eureka Co. Bank,* 20 Nev. 410.)

II.   The order appealed from was correct for another reason, to wit, the grounds set forth in said notice are insufficient.   The judge cannot certify anything presented or used on a motion for new trial.   The judge is not required to settle any statement where no amendments are proposed. (*Borden* v. *Bender,* 16 Nev. 49; *Overman S. M. Co.* v. *Am. M. Co.,* 7 Nev. 312.)

III.   The order of May 29th was made in the regular exercises of the jurisdiction of the court, and therefore is not null and void.   The inadvertence complained of is that of the court, and not of counsel.   This court cannot certainly say that the trial court was either inadvertent, improvident or premature in making said order of May 29th, and counsel does not admit or ask any relief against any inadvertence of

his own, if any such there be.   The presumption is, in the absence of a satisfactory showing, there was none.

IV.   Verbal agreements between counsel are not recognized in our practice.   (*Haley* v. *Eureka Co. Bank*, 20 Nev. 410.)

V.   There appears to be no question of judicial discretion involved in this case, and if there were, it is only a clear abuse of judicial discretion an appellate court will consider on appeal.   The 131 U. S. 221, referred to by counsel in closing his brief, is but stating in other language the declaration of this court in *Burbank* v. *Rivers*, 20 Nev. 81, to the effect that the method of taking appeals and the questions to be considered thereunder by the appellate court are matters of purely statutory regulations.

By the Court, BIGELOW, C. J.:

Appeal from an order refusing to vacate and set aside an order overruling a motion for new trial, entered under the following circumstances:   Judgment having been rendered against defendant, his attorney gave notice of a motion for a new trial, and in due time filed and served a statement thereon.   No evidence, however, of this service was preserved in the record, no amendments to the statement were made by the plaintiff, and no certificate was made by the clerk that none had been filed.

Gen. Stats., sec. 3219, provide that when a statement has been agreed upon it shall be authenticated by the certificate of the parties, or their attorneys, that the same has been agreed upon and is correct.   When settled by the judge it shall be accompanied by his certificate that it has been allowed and is correct.   When no amendments have been filed it shall be accompanied by the certificate of the clerk to that effect, and this seems to be the only certificate of the correctness of the statement then required.

In the case at bar no certificate of any kind was attached to the statement.   While the record was in this condition the parties stipulated " that defendant's motion for new trial is hereby submitted to Hon. A. E. Cheney, who presided as judge in the trial of the above entitled action, for his decision, without farther argument, and that the clerk of this court may forward to said judge said statement on motion

for new trial, at Reno, Nevada, and that said judge may return the same to the above entitled court, to the clerk thereof, with his decision thereon."

Upon this submission, an order was made overruling the motion for new trial on the ground that the statement on which the motion was made did not appear to have been served on the plaintiff, and was in no manner authenticated.

Subsequently the motion to set aside this order was made on the ground that it had been inadvertently and prematurely made, before the statement had been settled or authenticated. No affidavit accompanied this notice, and when defendant offered to support the motion by oral testimony the offer was objected to and overruled on the ground that the notice did not give the name of any witness to be examined upon the hearing, as required by a rule of court. The motion was then overruled and this appeal followed.

The above are not all the circumstances connected with the matter, but they are all that we deem material to the decision of the appeal.

It will be noticed that there was no evidence given on the hearing that the motion for new trial had been submitted inadvertently by counsel, nor that when he signed the stipulation submitting it, he was under any misapprehension as to the condition of the statement, or the requirements of the law, or that he expected the statement to be settled or authenticated before the motion was ruled upon. Indeed, the motion was not based on any of the grounds above suggested, but upon the ground alone that the order having been made before the statement had been settled or authenticated, it was irregular and premature. We must consequently presume that in submitting the motion counsel acted advisedly, and intended it to be submitted in just the shape in which it was done.

Under these circumstances our attention must be confined to the point last suggested, namely, that it was error for the court to rule upon the motion before the statement had been certified by the clerk, or in some manner authenticated or settled.

That the order was not erroneous has been a number of times decided by this court. (*Lamburth* v. *Dalton*, 9 Nev. 66;

*Dean* v. *Pritchard*, 9 Nev. 232; *Soloman* v. *Fuller*, 13 Nev. 276; *Simpson* v. *Ogg*, 18 Nev. 28.)

But in none of these cases was the point made that the ruling was premature and irregular; we do not, therefore consider them decisive of the question now presented, and to the end that cases may, as far as possible, be decided upon their merits, and not upon procedure, and in accordance with what seem a better and more just line of authorities (*Thomas* v. *Sullivan*, 11 Nev. 280; *Morris* v. *DeCelis*, 41 Cal. 331; *Odd Fellows Savings Bank* v. *Duprey*, 66 Cal. 168; *Stewart* v. *Taylor*, 68 Cal. 5; *Carpenter* v. *Superior Court*, 75 Cal. 596), we are willing to admit that ordinarily motions for new trial should not be ruled upon until there is a settled and authenticated statement, where the motion is made upon a statement, and that such a ruling would be premature and irregular, and should be vacated upon proper motion; but we do not consider these admissions as decisive of this case.

The ordinary rule is that a party cannot avail himself of an error to which he has consented, or which has been induced by his own acts when free from misapprehension or mistake. "A party who expressly asks that a designated ruling be made cannot avail himself of that ruling on appeal, although it may be material and may be exhibited by the record. What a party expressly asks cannot be made available as error without a violation of the plainest principles of justice." (Elliott, App. Proc., sec. 626.) The error claimed here consisted of passing on the motion for new trial before the statement had been duly authenticated. But this is precisely what counsel stipulated should be done. That is, he stipulated that the motion should be passed upon, and as the statement was then incomplete, and it is not shown, or suggested, that he did not know of it, we must presume that he did, and intended it to be submitted in just the shape in which it then was. Doubtless, if the judge had reason to believe that the stipulation had been signed and submitted inadvertently he might have called counsel's attention to the condition of the record, when probably it would have been corrected, but this was a matter in his discretion, and we must not forget that it might have been the intention to submit the motion in just the shape in which it was done. If

such were the case, then the judge's only duty was to pass upon it just as he did. At any rate, having stipulated for the judge to rule upon the motion, so long as such stipulation stands uncontroverted and unexplained, he cannot claim such ruling to constitute error. (*Thompson* v. *Connolly*, 43 Cal. 636.) See also Hayne, New Trial and App., sec. 282.

If it be further said that by the stipulation plaintiff had waived the want of proof of service upon him, and had waived the absence of authentication, while this may, perhaps, be true, it simply amounts to this, that then the motion was not submitted inadvertently, and the ruling thereon was upon a good statement, and not premature or improvident, although placed upon a wrong ground, and the motion to vacate was not defendant's remedy, but an appeal directly from the order. (*Coombs* v. *Hibberd*, 43 Cal. 452; *Carpenter* v. *Superior Court*, 75 Cal. 596.)

The order is affirmed.