[Civ. No. 1395.   First Appellate District.—November 21, 1913.]

## BERKELEY BANK OF SAVINGS AND TRUST COMPANY, Respondent, v. WILLIAM MILLER et al., Appellants.

MORTGAGE—ACTION TO FORECLOSE—STIPULATION AS TO DISPOSITION OF SURPLUS—CONCLUSIVENESS ON APPEAL.—Where all the defendants in an action to foreclose a mortgage stipulate that all claims (except those of defendants who afterward appeal) to any surplus that may remain after the satisfaction of the mortgage need not be disposed of in the present action but should await adjudication in another action pending between the several defendants to determine the extent and priorities of their respective claims to the mortgaged premises, the appealing defendants cannot complain of a provision in the decree of foreclosure requiring the surplus to be deposited with the court to await judgment in the other action pending, nor can they complain of the failure of the lower court to adjudicate the issues presented by the answers of the nonappealing defendants. This is so because of the principle of appellate procedure which denies to a party in a civil action the assertion of a right which he has formally waived, or the advantage of an error in which he has knowingly acquiesced.

ID.—ATTORNEY FEE—POWER OF COURT TO FIND AS TO REASONABLENESS.—In an action to foreclose a mortgage the court has the right to determine, even if no evidence has been adduced on the subject, that the attorney fee provided in the mortgage is reasonable.

ID.—FORECLOSURE OF MORTGAGE—SUBROGATION TO RIGHTS OF PLAINTIFF—SUBSTITUTION OF PARTIES.—Where one of the defendants in foreclosure proceedings, who claims an interest in the premises subordinate to the mortgage, makes a tender to the plaintiff for the amount due him, together with the costs and counsel fees, which tender is accepted, he is entitled to be subrogated to the interests of the plaintiff, and then properly substituted as the plaintiff in the action.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

Welles Whitmore, and Thomas C. Huxley, for Appellants.

J. A. Elston, Daniel O'Connell, R. V. Whiting, and Howard J. Piersol, for Respondent.

LENNON, P. J.—This is an appeal by the defendants, Herman Murphy, Ella M. Murphy, and the Progressive Investment Company, from a judgment and order denying a new trial in an action wherein a decree was made and entered, foreclosing a real property mortgage executed by the defendant Herman Murphy to the corporation plaintiff, as security for the payment of a promissory note in the sum of six thousand five hundred dollars. All of the other defendants were made parties to the action because, as alleged in the complaint, they had or claimed to have some interest in the mortgaged premises which was subsequent and subordinate to the lien of the mortgage.

The execution and nonpayment of the note and mortgage were admitted by the answers of each and all of the defendants. The defendants William Miller, G. A. Murphy, George C. Richards, and the Black-White Company, by their answers admitted that whatever interest they had in the mortgaged premises arose subsequent to the execution of the mortgage out of attachments or judgment liens in other actions which they had instituted against the defendant Herman Murphy.

When the case was called for trial each and all of the defendants stipulated in open court that any and all claims other than those of the appealing defendants to the surplus, if any, that might remain after the satisfaction of the mortgage need not be determined and disposed of in the present action, and that such claims should await and be subject to adjudication in another action instituted and then pending between the several defendants for the purpose of determining the extent and priorities of their respective claims and liens against the mortgaged premises. Accordingly the lower court proceeded to a hearing of the action only upon the issues raised by the joint answer of the appealing defendants; but in its findings and decree of foreclosure provided that the surplus, if any, remaining from the sale of the mortgaged premises should be deposited with the court to await judgment in the other action pending.

The question of the sufficiency of the findings and judgment in so far as they affect the rights of the nonappealing defendants is not before us upon this appeal; and obviously such question cannot concern the appealing defendants. The judgment as a whole is not inherently void; and assuming,

without so deciding, that the rights of the nonappealing defendants could have been considered and disposed of in the present action if the appealing defendants had so insisted, the failure to do so was the fault of all of the parties to the action rather than the mistake of the court. The judgment in respect of its provision requiring the impounding of any surplus which might remain from the proceeds of the foreclosure sale after satisfaction of the note and mortgage, etc., was made and entered by and with the consent of all of the parties to the action; and therefore the appealing defendants are in no position to complain of that feature of the judgment, or of the failure of the lower court to find upon and adjudicate the issues presented by the answers of the nonappealing defendants. This is so because of the well-settled principle of appellate procedure which denies to a party in a civil action the assertion of a right which he has formally waived, or the advantage of an error in which he has knowingly acquiesced. (*Holmes* v. *Rogers,* 13 Cal. 191; *Spinetti* v. *Brignardello,* 53 Cal. 281; *Thompson* v. *Connolly,* 43 Cal. 636; *Crosby* v. *North Bonanza,* 23 Nev. 70, [42 Pac. 583]; *Erlanger* v. *Southern Pacific Co.,* 109 Cal. 395, [42 Pac. 31].)

The attorney fee allowed for foreclosure was within the limits of the same provided in the mortgage. The trial court found such sum was reasonable, and this it had the right to do even if no evidence had been adduced on the subject. (*Alden* v. *Pryal et al.,* 60 Cal. 215; *O'Neal* v. *Hart,* 116 Cal. 69, [47 Pac. 926]; *Edwards* v. *Grand,* 121 Cal. 254, [53 Pac. 796]; *Hotaling* v. *Monteith,* 128 Cal. 556, [61 Pac. 95]; *Bonestell* v. *Bowie,* 128 Cal. 511, [61 Pac. 78].)

During the pendency of the action the defendant Miller tendered to the corporation plaintiff the sum due for principal and interest upon the note and mortgage in suit, together with a sum sufficient to cover the accrued costs and the attorney's foreclosure fee provided for in the mortgage. Such tender and its acceptance were subsequently shown to the lower court upon the hearing of a motion by the defendant Milller to be subrogated to the interests of the plaintiff; and upon the showing made the defendant Miller was rightfully subrogated to the interests of the corporation

plaintiff, and then properly substituted as the plaintiff in the action. (Code Civ. Proc., sec. 385.)

Upon examination we find the remaining points presented in support of the appeal do not warrant discussion, much less a reversal.

The judgment and order appealed from are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 20, 1914.