[Civ. No. 15971. First Dist., Div. Two. Nov. 19, 1954.]

## THOMAS D. McDOUGALL, Appellant, v. LILLIAN O'HARA, Respondent.

Shapro & Rothschild and Raymond T. Anixter for Appellant.

G. H. Van Harvey for Respondent.

DOOLING, J.—This is a quiet title action in which the plaintiff-appellant was denied relief because of his prior unconscionable conduct.

Appellant, a concrete contractor in Mill Valley, California and the respondent, a bookkeeper and secretary by occupation,

were good friends for many years. In July, 1947, appellant told respondent that he owed a lot of bills around the town of San Rafael which amounted to·approximately $3,000. The Bank of America would not loan him any money so he wanted to borrow the money from respondent. She was willing to loan him that amount if she was given some security. As a result he agreed to give her a deed of trust on his property located at 32 Reed Street.

Later on in the same month appellant informed respondent that his property had been attached by Rose Dietz, one of his creditors, and he needed $625 immediately to pay her. Appellant explained he needed the money to clear the title to his property in order that he might be able to give her a deed of trust.

A promissory note with the appellant's signature acknowledged on the back by a notary public and dated September 3, 1947, was given to respondent on or about September 11. The note was for the amount of $3,000 and at the same time she loaned him the balance of that sum.

She had received the note for the first time on or about August 4, but when she asked about the promised security he took it back and had his signature acknowledged. Respondent testified that appellant at the time he returned the note told her that the note was security; that it was the deed of trust and she believed him. She stated that she would not have loaned him the money if she had not believed that the note was properly secured by a lien on the real estate.

The promissory note became due on August 1, 1948, and was not paid. On April 15, 1949, respondent began an action against the appellant to recover the amount due on the note and caused a writ of attachment to be levied upon appellant's real property. A judgment was rendered on August 5, 1949, against appellant in the sum of $3,460 and the judgment was recorded on June 16, 1950. Prior to the entry of the judgment and on July 29, 1949, appellant and his wife had recorded a declaration of homestead on this real property.

Appellant brought this action to quiet title to the property and the trial court found that the respondent relied upon the representations of appellant to the effect that the loan was secured by a deed of trust or mortgage upon appellant's real property, and because of that reliance made the loan. It further found that such representations were false and that respondent realized this for the first time when she attempted to collect on the note at its due date. Based on the above

findings the court refused to quiet the title in favor of appellant.

That normally the homestead would take precedence over the later judgment lien and the antecedent attachment is not disputed. However the judgment against appellant is based on the recognized equitable doctrine which denies relief to one seeking the aid of a court of equity where in the very transaction he is found to enter the forum with "unclean hands." Here the court found that as to this very property appellant represented to respondent that his acknowledged promissory note constituted a lien thereon and that respondent believed and relied upon this representation. That the clean hands doctrine may be invoked against a claim based upon the declaration of a homestead which would otherwise be valid is established by *Kemp* v. *Enemark*, 194 Cal. 748 [230 P. 441].

Appellant argues that the representation of the legal effect of the note was one of law and not of fact and hence would not be actionable. ■ The clean hands doctrine is not restricted however to cases of actionable fraud. "For it is not only fraud or illegality which will prevent a suitor from obtaining equitable relief. Any unconscientious conduct upon his part which is connected with the controversy will repel him from the forum whose very foundation is good conscience." (*De Garmo* v. *Goldman*, 19 Cal.2d 755, 764 [123 P.2d 1]; *Johnston* v. *Murphy*, 36 Cal.App. 469, 471 [172 P. 616]; *Katz* v. *Karlsson*, 84 Cal.App.2d 469, 474-475 [191 P.2d 541]; *Howe* v. *Brock*, 86 Cal.App.2d 271, 276 [194 P.2d 762].) ■ The grossly unconscionable conduct of appellant with regard to this very property is established by the findings and justifies the court's refusal to afford him relief.

We do not regard it as important whether any of the funds realized from this note went into the property. That was the basis of the decision in *Kemp* v. *Enemark, supra*. But here appellant is seeking to quiet title against the lien of the judgment to the very property which he falsely represented to respondent would be security for the payment of the debt represented by the judgment. To permit him to do so would be to afford him the aid of equity to profit from his own misconduct.

■ Appellant also argues that by suing on the note without asserting a lien on the property respondent made an election of remedies. Substantially the same claim was made in *Kemp* v. *Enemark, supra*. The court said of this

contention (194 Cal. pp. 755-756): "The defendant is not attempting, after having exhausted his legal remedy, to come into court and maintain a right of action founded upon a theory inconsistent with that which formed the basis of his former action. He is merely setting up, as an equitable defense to an equitable action, the fact surrounding the fraudulent procurement of the money in question. No necessity existed for the establishment by the defendant of the fraud of Kemp in the procurement of said money, until the filing by the plaintiff of her action to enjoin the sale of the property. Plaintiff cannot force the defendant to come into a court. of equity to protect his rights secured by a judgment in a court of law and at the same time prevent the defendant from' setting up an equitable defense upon the theory that the defendant had already elected to prosecute his action at law."

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.