[No. 850.]

LOUIS SOLOMON ET AL., RESPONDENTS, *v.* M. FULLER ET AL., APPELLANTS.

APPEAL DISMISSED WHEN NOT TAKEN IN TIME.—If an appeal from the judgment is not taken within one year (1 Comp. Laws, 1391) it will be dismissed.

STATEMENT ON NEW TRIAL—WHEN STRICKEN OUT.—A statement which is not authenticated as required by statute, constitutes no part of the record of the case on appeal, and upon motion will be stricken out.

APPEAL from the District Court of the Seventh Judicial District, Lincoln County.

The facts appear in the opinion.

*A. B. Hunt* and *Bishop & Sabin*, for Respondents on motion to dismiss.

I. The appeal from the judgment should be dismissed. It was not taken in time. (Comp. Laws Nev., secs. 1388–1391; *Waggenheim* v. *Hook*, 35 Cal. 216; *Bornheimer* v. *Bald-*

*win*, 42 Id. 27; 36 Id. 671; *McCourtney* v. *Fortune*, 42 Id. 387; *Wetherbee* v. *Dunn*, 36 Id. 249.)

II. The statement in the record should be stricken out. It is not authenticated as required by statute. (Comp. Laws Nev., secs. 1258, 1394–96; *White* v. *White*, 6 Nev. 20; *Dean* v. *Prichard*, 9 Id. 332; *Cosgrove* v. *Johnston*, 30 Cal. 509; *Waggenheim* v. *Hook*, 35 Id. 216; *Morris* v. *Celis*, 41 Id. 331.)

*Geo. S. Sawyer*, for Appellant.

The provisions of vol. 1, Comp. Laws, 1258, as to the authentication of statements on motion for new trials and other papers used upon the hearing of such motions is merely directory. (*Lockwood* v. *Marsh*, 3 Nev. 138; *Overman S. M. Co.* v. *American M. Co.*, 7 Nev. 312.)

II. Respondents appeared and argued the motion for a new trial. They cannot now object that the statement was not agreed to by them, or settled by the judge. (*Dickenson* v. *Horn*, 9 Cal. 207; *Williams* v. *Gregory*, 9 Id. 76; *Kidd* v. *Laird*, 15 Id. 161.)

By the Court, BEATTY, J.:

Plaintiffs recovered a judgment in this case on February 19, 1875. On January 20, 1877, the motion of the defendants for a new trial was overruled, and at the same time an order was made by the district court amending the judgment so as to make it run in favor of Louis Solomon, surviving partner of Solomon & Cardenas, instead of Louis Solomon and D. L. Deal, administrator of Cardenas.

On the twelfth of February, 1877, the defendants gave notice that they would appeal from the judgment, from the order overruling their motion for a new trial, and from the order amending the judgment.

The respondents now move to dismiss the appeal from the judgment, on the ground that it was not taken until more than a year after the judgment was rendered. They also move to strike from the record what purports to be a statement on motion for new trial, upon the ground that it is not authenticated in any way; and if this motion prevails

they ask that the entire appeal may be dismissed as having nothing to sustain it.

The motion to dismiss the appeal from the judgment must prevail, upon the ground that it was not taken in time. (C. L., 1391; *Bornheimer* v. *Baldwin*, 42 Cal. 31.)

The motion to strike out the statement must also prevail. It is not authenticated in any manner whatever, and, although it is true that the indorsements made by the judge on the affidavits used in support of the motion show that "a statement and amendments proposed thereto were read and referred to on the hearing," there is nothing to show that any statement was ever settled or allowed. If the statement which is contained in this transcript is the statement read and referred to on the hearing (and we do not know that it is), it is still not such a statement as we can regard, because it appears that amendments were proposed to it, and it has never been settled.

But, although the motion to strike out must be sustained, it does not follow that the appeals from the orders must be dismissed. They were taken in time, and it may be that the affidavits in support of the motion for a new trial, or the record of the judgment and order amending it, show some error of the district court.

The case has not been submitted, except so far as the motions to strike out and dismiss are concerned, and we cannot undertake now to decide whether the orders were or were not erroneous.

It is ordered that the appeal from the judgment be dismissed; that the statement be stricken from the record; and that the case be set down for argument on the appeals from the order denying a new trial, and from the order amending the judgment.