[No. 1104.]

## D. C. SIMPSON ET AL., RESPONDENTS, v. CLEM OGG, ET AL., APPELLANTS.

NOTICE OF APPEAL—The notice should state that appellants do appeal, not that they will appeal.

FINDINGS OF FACT SHOULD BE EMBODIED IN THE STATEMENT—NEW TRIAL—APPLICATION FOR, HOW MADE—When a new trial is applied for on the grounds of insufficiency of evidence to justify the findings of fact, conclusions of law, and judgment of the court, and that the same were against law; and on the further ground of errors in law which occurred at the trial, the application must be made upon statements prepared as the statute requires. (Comp. Laws, 1256, 1257.)

IDEM—STIPULATION OF COUNSEL NOT IN THE STATEMENT—A stipulation of counsel, entered into after the statement on motion for new trial has been filed, which is not identified, or designated by the judge, or clerk, as having been read or referred to on the hearing of the motion cannot be considered in the appellate court. Stipulation, also, held insufficient on other grounds.

JUDGMENT ROLL—ERRORS IN, WHEN NOT REVIEWABLE—When an appeal is taken from an order denying the motion for a new trial only, the errors, if any, appearing in the judgment roll cannot be reviewed by the appellate court.

APPEAL from the District Court of the Third Judicial District, Esmeralda County.

The facts sufficiently appear in the opinion.

*T. H. Wells* and *A. C. Ellis*, for Appellants:

Notice that appellants will appeal is sufficient. (Comp. Laws, 1392, 1402, 1403.)

*M. A. Murphy* and *A. W. Crocker*, for Respondents:

I. The notice of appeal does not comply with the pro-

visions of the statute. (1 Comp. Laws, 1392.) The acts required by the statute must be strictly complied with. (*Warner* v. *Holman*, 24 Cal. 228.)

II. The bond filed by appellants is not such a bond as is required by statute. (1 Comp. Laws, 1402–3.) The sureties are not severally bound upon this bond. False representations made by the principal * * * will discharge the sureties. (*Chamberlain* v. *Brewer*, 3 Bush, 561; *Shrackelford* v. *Handley*, 10 Am. Dec. 753; *Schuylkill Company* v. *Copely*, 67 Penn. St. 386; 3 Parson on Contracts, 414, 415, 416 and notes; *Snyder* v. *Findley*, 1 Am. Dec. 193.)

To constitute an appeal three things are necessary: First, filing a notice; second, service of same; third, filing an undertaking. (*Bryan* v. *Berry*, 8 Cal. 133; *Franklin* v. *Reiner*, 8 Cal. 340; *Whipley* v. *Mills*, 9 Cal. 641; *Hastings* v. *Halleck*, 10 Cal. 31.)

III. This being an appeal from an order overruling a motion for a new trial, the appellate court is confined in its investigation to the record *used* in the court below; there being no record nor statement used in the court below, there is none in this court. (*Caldwell* v. *Greely*, 5 Nev. 262; *Walls* v. *Preston*, 25 Cal. 61; *Hutton* v. *Reed*, 25 Cal. 488; *Barrett* v. *Tewksbury*, 15 Cal. 356; *Reynolds* v. *Lawrence*, 15 Cal. 360; *White* v. *White*, 6 Nev. 23; *Lockwood* v. *Marsh*, 3 Nev. 138; *Irwin* v. *Samson*, 10 Nev. 282; *McCausland* v. *Lamb*, 7 Nev. 240.)

By the Court, LEONARD, J.:

Prior to the oral argument in this case a preliminary motion was made to dismiss the appeal, for various reasons stated. The motion and the case were submitted together. We shall not stop to consider at length the objections urged against the notice of appeal and the undertaking on appeal. It is, however, proper to state that they are faulty in many particulars. It is stated in the notice that the defendants *will* appeal, when it ought to state that they *do* appeal. Again, the undertaking was executed and filed more than a year after judgment, and consequently the judgment could

not be appealed from. It was executed, however, before the notice of appeal was served and filed. One of the recitals in the undertaking was that, on the fifth of July, 1880, plaintiffs obtained judgment against defendants for the sum of $1,900, with interest thereon then accrued in the sum of $111, and interest on said sum of $1,900 from date of judgment until paid, at the rate of ten per cent. per annum, while the fact is that the judgment gave interest on $2,011 from date of judgment until paid. Another recital was to the effect that defendants were desirous of appealing to this court from said judgment, and every part thereof, and from the order denying a new trial, and were desirous of having execution stayed pending such appeal. The undertaking was sufficient in amount to stay execution, but the appeal is from the order denying the motion for new trial only ; and the sureties "undertake and agree to and with the said plaintiffs that if said appeal be perfected the said defendants will pay to the said plaintiffs the amount of said judgment, principal, interest, and costs, and all accruing costs and damages in said cause, for which they may obtain judgment against said defendants in case said judgment be affirmed, wholly or in part, or said appeal abandoned or dismissed.   *   *   *" In view of the fact that the sureties bound themselves to pay only in the event that said appeal—that is to say, an appeal from the judgment and order—should be perfected ; and the further fact that an appeal was taken from the order alone, there is a question, at least, which we do not decide, whether they are bound by this undertaking, since they are liable " to the extent, and in the manner, and under the circumstances pointed out in their obligation, and no further." (*Carson Opera House Association* v. *Miller*, 16 Nev. 328.)

Again, the findings of facts were not inserted in the statement, although the judge certified thereon that he referred to them in deciding the motion. The court has decided on several occasions that findings of fact cannot be considered on appeal unless they are embodied in the statement of the case. (*Alderson* v. *Gilmore*, 13 Nev. 84.) Since the find-

ings were not embodied in the statement, it is questionable, at least, whether the judge below had the right to refer to them in deciding the motion, or whether we can consider them on this appeal, although they were referred to by him. It being unnecessary, we do not decide the question, but content ourselves by saying that, at least, the better practice is to embody the findings in the statement.

But the application for a new trial was made on the grounds of insufficiency of evidence to justify the findings of fact, conclusions of law, and judgment of the court, and that the same were against law ; and on the further ground of errors in law which occurred at the trial. Applications for new trial for these causes must be made upon statements prepared as the statute requires. (Comp. Laws, 1256, 1257.) There is in the transcript what purports to be a statement on motion for a new trial. Thereon is an acknowledgment of service by one of the plaintiff's attorneys ; but it has no accompanying certificate of the parties themselves, or their attorneys, that it has been agreed to and is correct, or any certificate of the judge that it has been allowed by him and is correct, as the statute requires ; nor does the clerk of the court certify that no amendments to the statement have been filed. There is, then, no statement which we can consider, unless it becomes such by reason of the stipulation contained in the transcript, signed by counsel of the respective parties, which is as follows :

"It is hereby stipulated and agreed, by and between the parties plaintiffs and defendants in the above entitled cause, by their respective counsel, that the statement this day filed by the defendants in said cause, and served upon counsel for plaintiffs, is hereby agreed to as constituting the statement on motion for new trial by defendants in said cause, and that the bill of exceptions therein contained shall be settled and certified by the judge of said court whenever he shall again be in Aurora, Nevada ; that said statement on motion for a new trial shall be the statement on appeal in said cause, if either party shall appeal from the order of said court granting or refusing a new trial of said cause, subject to such

amendments thereof by way of revision as the respective parties shall agree upon, or the judge of said court shall make in their presence, after the said motion for new trial shall have been ruled upon by said court, in case an appeal be taken by either party.

"It is further agreed and stipulated, as aforesaid, that said statement on motion for a new trial shall not be engrossed unless an appeal be taken, and not then until after revised as aforesaid, and that when so engrossed the exhibits therein referred to may be still referred to, and when the transcript on appeal is made, that they may then be inserted in their proper places and order in said transcript.

"It is further stipulated and agreed, as aforesaid, that if defendants wish to file any affidavit or affidavits on motion for a new trial of said cause, in pursuance of their notice of motion therefor, that the same may be filed on or before the thirty-first day of July, 1880, and then served by copy on counsel for plaintiffs.

"It is further stipulated that plaintiffs may have till, and ten days thereafter, the bill of exceptions shall have been settled by the judge of this court, as hereinbefore provided, in which they may file amendments to defendants' statement as it then stands."

The above stipulation was not, nor could it have been, made a part of the statement, because it was not entered into until after the statement had been filed. Nor is it identified, or designated by the judge or clerk as having been read or referred to on the hearing. By us, then, it must be treated as a fugitive paper that has found a place in the transcript without lawful authority. There is nothing before us showing that this paper was used or referred to by the court below on the hearing, or even that the court or judge knew of its existence. On this appeal we are limited in our examination to a statement legally authenticated, and to such other papers as properly may have been and were read and referred to by the court below on the hearing; and the only evidence, which we can consider that such papers were used below, is the judge's certificate to that effect.

As it is brought here, we cannot regard the stipulation, and without that, there is nothing in the transcript which the law recognizes as a statement on motion for a new trial. But if we could consider the stipulation, the result would be the same. It would then be true, as it is now, that the transcript contains no statement. To make a statement, on motion for a new trial, a record which this court can consider on appeal from an order overruling the motion, it must be filed and served in time ; and, if there are amendments, it must be accompanied with a certificate by the respective parties, or their attorneys, if they can do so, that it is agreed upon and is correct. If the parties or their attorneys cannot agree, it must be settled by the judge or referee, and must bear his certificate that it has been allowed by him, and is correct. If no amendments have been filed, the clerk must certify that fact.

In the first part of the stipulation under consideration the statement was "agreed to as constituting the statement on motion for a new trial by defendants in said cause." Without attempting to ascertain the exact meaning of the words quoted, if used alone, it is enough to say that there was no agreement, or intention to agree, that the statement of defendant was complete or correct as it was filed. On the contrary, it was provided in terms that the bill of exceptions, which was made a part of the statement, should be settled and certified by the judge at some subsequent date, and also that the plaintiff should have until ten days after the bill of exceptions should be settled and certified in which to file amendments to the statement as it should then stand, and the bill of exceptions has not yet been settled. So, according to the stipulation, if the bill of exceptions had been settled and certified on the day the motion was decided, plaintiffs would have had ten days thereafter in which to file amendments. If there had been no stipulation, and plaintiffs had proposed amendments to the so-called statement filed, and it had not been settled or agreed upon as correct, we could not regard it on this appeal, even though it had been read and referred to on the hearing, for the reason

that it would have been unsettled. (*Solomon* v. *Fuller*, 13 Nev. 278.) Under the agreement that plaintiffs should have until ten days after the judge should settle and certify the bill of exceptions, in which to file amendments, the statement is now as unsettled as it would have been if, without the stipulation, amendments had been proposed and filed, and no further action had been taken thereon. It was appellants' place and duty to present to the judge below such a statement as the statute requires, and, failing to do so, they cannot complain of his action in disregarding it. He had no right or power to consider the imperfect statement filed.

This being an appeal from an order denying the motion for a new trial only, errors appearing in the judgment roll cannot be reviewed. (*Thompson* v. *Patterson*, 54 Cal. 545; *Jenkins* v. *Frink*, 30 Cal. 596; *Martin* v. *Matfield*, 49 Cal. 45; *Shepard* v. *McNeil*, 38 Cal. 74.) Besides, it is not shown that any of the papers in the transcript constituting the judgment roll were read or referred to by the judge in deciding the motion, and, as before stated, we are confined in our investigations to the record made and used in the court below.

Respondents' motion to dismiss the appeal in this case would have to be sustained, even though injustice had been done appellants at the trial; but we shall now enter the order of dismissal with less reluctance than we should have felt in that state of the case, being satisfied, upon an examination of the evidence, that the action was fairly tried.

Appeal dismissed.