HENRY W. STRONG *vs.* JOSEPH B. COMER and ABIGAIL MULLIN.

Argued Dec. 24, 1891.   Decided Jan. 18, 1892.

Practice—Judgment Entered without Evidence.—Where the answer denies material allegations in the complaint, it is error (and not mere irregularity) in the trial court to order, without proofs, judgment for plaintiff, merely because defendant fails to appear when the cause is called.

Motion to Vacate.—Defendant is entitled, of right, to have a judgment thus entered vacated.

Appeal by defendant Abigail Mullin from an order of the district court of Big Stone county, *C. L. Brown,* J., made May 29, 1891, refusing to vacate a judgment entered against her, and denying a new trial.

Action brought by Henry W. Strong, under 1878 G. S. ch. 75, § 2, to determine the adverse claims of Joseph B. Comer and Abigail Mullin to two town lots in Graceville, Minn. The defendant, Abigail Mullin, answered that she held a certificate of sale of the lots made on foreclosure of a mortgage thereon.

*C. D. & Thos. D. O'Brien,* for appellant.

A trial is the judicial examination of the issues between the parties. There being an issue in this case, no judgment could be properly entered awarding to plaintiff the relief sought, without proof of his title.   1878 G. S. ch. 66, §§ 214, 217.   This is not the case of a failure to answer, as in *Exley* v. *Berryhill,* 37 Minn. 182.

*J. W. Reynolds,* for respondent.

GILFILLAN, C. J. The answer of defendant Mullin put in issue material allegations in the complaint. The plaintiff noticed the cause for trial for the term of court commencing October 7, 1890. October 15th the cause was by order of court placed on the calendar, the defendant was called, and, not appearing, the court, without taking any evidence, ordered judgment for the plaintiff, as prayed for in the complaint, and judgment was so entered. This was error, and not a mere irregularity in practice. Defendant made a motion to vacate the judgment, and it was denied. To have it vacated was a matter of right, and not a matter in the discretion of the court. A practice prevails in some states of allowing the plaintiff, where the answer is not verified and there is no affidavit of merits filed, to have the cause called out of its regular order, and to have an inquest taken; that is, to have judgment upon proof of his cause of action if denied. But we know of no practice anywhere by which the court may, for failure of defendant to appear when the cause is called, disregard the answer, and take the cause of action as confessed, where the answer denies it. Certainly it is not so here.

Order reversed.

(Opinion published 50 N. W. Rep. 936.)