[No. 1798]

GEORGE LUKE, RESPONDENT, v. HARRY COFFEE, WM.
    BRIGGS, J. GOODFRIEND, AND THE CONTINEN-
    TAL CONSTRUCTION COMPANY, APPELLANTS.

1. APPEAL AND ERROR—APPEAL FROM JUDGMENT—TIME.
    Under Civ. Prac. Act (Comp. Laws, 3425, subd. 1), expressly requir-
    ing that appeals from judgments be taken within one year after the
    rendition thereof, one not so taken must be dismissed.

2. JUDGMENT—NEW TRIAL—DEFAULT JUDGMENT—SETTING ASIDE.
    Defendants, in response to a summons, appeared and demurred to
    the complaint, and, this being overruled, interposed an answer, and in
    open court arranged with opposing counsel for the setting of the case
    on a day certain for trial and the summoning and impanelment of a
    jury. The case was regularly called, evidence introduced, cause sub-
    mitted, and a verdict and judgment regularly returned for plaintiff
    without defendants' appearance for trial. Held, that a judgment ren-
    dered on such verdict was not a judgment by default which could be
    set aside on motion, but that defendants' remedy was by motion for a
    new trial under Civ. Prac. Act (Comp. Laws, 3290, subds. 1, 3), author-
    izing a new trial for irregularity in the proceedings, etc., or for acci-
    dent or surprise.

3. CONTINUANCE—GROUNDS—DISCRETION.
    Where defendants' counsel was unavoidably absent on the day the
    cause was set for trial, the court, in its discretion, might grant a con-
    tinuance, penalizing defendants to the amount of plaintiff's costs
    incurred, and by allowing damages for the delay occasioned.

4. APPEAL AND ERROR—CONTINUANCE—DISCRETION—REVIEW.
    Abuse of discretion in overruling an application for a continuance
    for unavoidable absence of appellant's attorney at the trial, if prop-
    erly presented to the trial court on a motion for a new trial, may be
    reviewed on appeal.

APPEAL from the District Court of the First Judicial Dis-
trict of the State of Nevada, Esmeralda County; *F. P. Langan*,
Judge.

Action by George Luke against Harry Coffee and others.

From a judgment in favor of plaintiff, defendants appeal.
**Affirmed.**

The facts sufficiently appear in the opinion.

*Detch, Carney & Stevens*, for Appellants.

*D. S. Truman*, for Respondent.

By the Court, SWEENEY, J.:

This action was brought by the respondent to recover damages in the sum of $5,169 and costs of suit, for personal injuries received by him by reason of the falling of a building, which was being erected on one of the main streets in the town of Goldfield, by the defendants. The appellants Coffee and Goodfriend, in response to the summons, appeared and demurred to the complaint, which being overruled, said appellants filed their answer disclaiming any liability. The cause was regularly set for trial for a certain day agreeable to attorneys for both parties, at Hawthorne, which at that time was the county-seat of Esmeralda County. The time for trial having arrived, the cause was regularly called for hearing. Thereupon a jury was impaneled, and the evidence of the respondent submitted to it, whereupon the jury rendered its verdict, upon which a judgment was entered in the sum of $2,669 and $80.35 costs, in favor of the respondent and against appellants. Said verdict and judgment were duly and regularly entered in favor of the respondent and against the appellants. The appellants in this action failed to appear at the time set for the trial, and subsequent to the rendition of the judgment made an application to the court to set aside the judgment rendered and entered against them, upon the grounds that said judgment was taken against the appellants and their attorneys, through their mistake, inadvertence, surprise, or excusable neglect, and based their application upon affidavits of counsel for appellants and others, to which counter-affidavits were filed. The court after, hearing said affidavits and the arguments upon said motion, refused to grant the motion of appellants to vacate said judgment, and appellants appealed to this court from the judgment originally

entered upon the verdict of the jury and the order of the court denying their motion to set aside and vacate said judgment.    Counsel for the respondent moves to dismiss the appeal on various grounds, one of which is totally fatal to the appeal from the judgment, because it appears from the record that the appeal was not perfected within the year prescribed by law.

It appears from the record that the judgment in this case was entered on the 28th day of March, 1907, in favor of the respondent against appellants, and the notice of appeal from the judgment rendered was not prosecuted until the 11th day of May, 1908.    Subdivision 1 of section 330 of our civil practice act (Comp. Laws, 3425) provides that an appeal from a final judgment in an action and special proceedings, commenced in the court in which a judgment is rendered, must be taken within one year after the rendition of judgment.    It clearly appearing that appellants have defaulted in failing to prosecute their appeal from the judgment within the year prescribed by law, respondent's motion to dismiss the appeal from said judgment must prevail.  (*Solomon* v. *Fuller*, 13 Nev. 276; *Twaddle* v. *Winters*, 29 Nev. 88; *Central Trust Co. of California* v. *Holmes Mining Co.*, 30 Nev. 437.)

We come now to the consideration of the appeal taken by appellants from the order of the lower court denying their motion to set aside the judgment rendered upon the following grounds mentioned in their motion, a copy of which here follows:

"Now come the defendants by their attorneys, Detch, Carney & Stevens, and move the court to set aside the judgment taken and entered against the defendants by default in the above-entitled cause, on the 28th day of March, 1907, and as grounds of said motion allege:  First, that said judgment was taken and entered against the defendants through their mistake, inadvertence, surprise, and excusable neglect, and the mistake, inadvertence, surprise, and excusable neglect of the defendants' attorneys, as will more fully appear from the affidavits hereto attached.   Detch, Carney & Stevens, Attorneys for Defendants."

The court, after hearing this motion, which was supported

by affidavits of counsel for appellants and others, and resisted by counter-affidavits on behalf of respondent, and hearing the arguments of counsel upon said motion, refused to vacate or set aside said judgment, and from this order refusing to set aside and vacate said judgment, appellants also appeal. This appeal is also moved to be dismissed, on many grounds, by respondent, but, believing as we do that the court properly refused to grant the motion, which it did in the following decision, it will be unnecessary to consider them:

"This cause having been heretofore argued and submitted to the court for its decision upon the motion of the defendants Harry Coffee and J. Goodfriend, to set aside the judgment taken and entered against the defendants by default, on the grounds of mistake, inadvertence, surprise and excusable neglect, the court, now being fully advised in the premises, has reached the following conclusions: First, the remedy sought by the defendants by this motion is not the proper remedy to reach the facts and conditions of this case; second, that the moving papers in this cause are not in compliance with Rule 10 of the district court, and are insufficient to warrant the court to entertain this motion; third, that, nevertheless, after a careful consideration of the facts and circumstances disclosed by the affidavits filed and presented in support of, and in opposition to, the motion by the respective parties, I do not find that there has been any such inadvertence, surprise, mistake, or excusable neglect as will authorize or justify the court in setting aside the judgment in this action. It is therefore ordered that the motion of the defendants Harry Coffee and J. Goodfriend to set aside the judgment in this action against said defendants be, and the same is hereby, denied. Frank P. Langan, District Judge."

Appellants, in their motion to set aside the judgment taken on the 28th day of March, designate and attempt to treat said judgment as a judgment by default. The judgment complained of in this action cannot be considered a judgment by default (*Maples* v. *Geller and Raffer*, 1 Nev. 235), and is not therefore subject to the same rules governing the setting aside of judgments taken by default, where there is no appearance.

In the present case the appellants, in response to the summons, appeared and demurred to the complaint, which being overruled, interposed their answer, and in open court arranged with opposing counsel upon a day certain for the trial of the cause, and the summoning and impanelment of a jury. The case was regularly called, the evidence regularly submitted to the jury under the instructions of the court, and a verdict regularly filed, and judgment entered thereon. The appellants misconceived their remedy in attempting to set aside a judgment by default, when, as a matter of law, they should have moved for a new trial under subdivisions 1, 3, section 195 of our civil practice act (Comp. Laws, 3290) regulating new trials upon the following grounds: "First—Irregularity in the proceeding of the court, jury, or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial. Third—Accident or surprise which ordinary prudence could not have guarded against." (Hayne on New Trial and Appeal, pp. 226, 227, 228, and authorities cited.)

Appellants not having selected the proper procedure in the lower court to remedy their alleged grievances, and the court having properly refused their motion, we are without jurisdiction to consider the merits of the erroneous application of appellants to the lower court. The case having been regularly set, with the knowledge of both parties, and witnesses being in attendance on the trial, the court could, in its discretion, if he believed the absence of counsel unavoidable, upon application of appellants for a continuance, grant the application penalizing appellant to the amount of respondent's costs incurred, and for the delay occasioned respondent on such terms as he might have deemed just; and, if he erred in denying the application, or grossly abused his sound discretion in refusing to grant the continuance, appellants could have properly presented the matter to the lower court, on a motion for a new trial, which motion, if overruled, could have been regularly appealed from to this tribunal.

Not having done so, and the appeal from the judgment not having been prosecuted within one year, as prescribed by law,

from the day of the judgment, said appeal from the judgment must be dismissed, and the order of the lower court refusing to set aside or vacate the judgment is affirmed.

It is so ordered.