GATE CITY BANK, Respondent, v. GEORGE B. STROTHER, et al., Appellants.

**Kansas City Court of Appeals, March 1, 1915.**

1. **BILLS AND NOTES: Answer: Default: Judgment: Discretion.** In an action on a promissory note where an answer is filed in proper time, there is no default and it is improper to render a judgment by default until the answer is disposed of. The trial court has no discretion to refuse to set aside such judgment.

2. ————: **Bill of Exceptions: Judgment: Record Proper.** Where the bill of exceptions shows no evidence was heard prior to rendering judgment, it will be accepted as absolute verity and cannot be aided by a recitation in the judgment itself, set forth in the record proper, that evidence was heard.

Appeal from Jackson Circuit Court.—*Hon. A. C. Southern,* Judge.

REVERSED AND REMANDED (*with directions*).

*Geo. B. Strother* for appellants.

(1) An irregularity, in the meaning of the law, may be said to be want of adherence to some prescribed rule or method of procedure consisting either in omitting to do something that is necessary for the due and orderly conduct of the suit, or in doing it at an unreasonable time, or in an improper manner. Cross v. Gould, 131 Mo. App. 595; Tidds Practice (4 Ed.), 512; Downing v. Still, 43 Mo. 309; Clouser v. Noland, 72 Mo. App. 217-19; Reed Bros. v. Nicolson, 93 Mo. App. 29-35. (2) There are a great number of irregularities for which the court will set aside judgments under this section of law, among them is where a judgment by default is given plaintiff, for failure of defendant to plead before his time for pleading had elapsed. Bran-

stetter v. Rives, 34 Mo. 316; Reed Bros. v. Nicolson, 93 Mo. App. 29; Smith v. Best, 42 Mo. 185. (3) And again from a final judgment taken at the same term, when only an interlocutory judgment was permissible. Lawther v. Agee, 34 Mo. 372. (4) And again, if a mistake in calculation of interest is made (as in the case at bar). Boon et al. v. Miller, Executor, 16 Mo. 457. (5) And again where a judgment entered by default, as in the case at bar, where an answer was on file and not disposed of, has been determined to be an irregularity for which the judgment should be set aside even at a subsequent term. Norman v. Hooker, 35 Mo. 366; Follett v. Alexander, 58 Ohio S. T. 202; Olathant v. Whitney, 34 Calif. 25; See also Black on Judgments (2 Ed.), 326; See Louthan v. Caldwell, 52 Mo. 121; Halsey v. Minterath, 54 Mo. App. 335.

*McCune, Harding, Brown & Murphy* and *R. B. Caldwell* for respondent.

(1) Appellants' motion to set aside the default judgment was properly overruled because the motion did not state that they had any meritorious defense to the cause of action pleaded, nor any good reason for the default. Parks v. Coyne, 156 Mo. App. 391; Hoffman v. Laudon, 96 Mo. App. 189; Bank v. Martin, 171 Mo. App. 200; Robyn v. Pub. Co., 127 Mo. 390-391. (2) The plaintiff was entitled to judgment on the pleadings, the answer being a general denial. Smith Co. v. Rembaugh, 21 Mo. App. 391, 392, 393. (3) Where the pleadings show no defense, it would be highly improper for the court to set aside a default judgment. Bank v. Martin, 171 Mo. App. 201. (4) Setting aside a default judgment is a matter in the discretion of the trial court, and the appellate court will not interfere with the action of the trial court thereon, unless it is apparent that such action has been arbi-

trary.   Robyn v. Publishing Co., supra; Bank v. Martin, supra.   (5) The provision in the note that defendants should pay an attorney's fee in case they defaulted in the payment of the note does not affect the validity of the instrument sued on.   Sec. 993, R. S. 1909; Davis v. McColl, 166 S. W. 1114; Bank v. Martin, 129 Mo. App. 488.

ELLISON, P. J.—Plaintiff's action is founded on a promissory note for $375 with eight per cent interest from maturity, with a provision for ten per cent of the amount in addition for expense of collection and attorneys fees.   Defendant filed an answer consisting of a general denial.   Afterwards, on the 20th of November, 1913, the case was called for trial and defendant did not appear; whereupon, a jury being waived by the plaintiff, the trial court rendered judgment for it by default, for $432, which included interest, and ten per cent in addition, presumably for attorneys' fees and cost of collection, though that is not stated.   Afterwards, on the 24th of November, 1913, defendant appeared and filed a motion to set aside the judgment. This motion was overruled and defendant appealed.

The bill of exceptions shows that the note was not introduced in evidence, and that no evidence was heard. There was no evidence of any character.   This was an irregularity which required the court to set aside the judgment.   [Norman v. Hooker, 35 Mo. 366; Cross v. Gould, 131 Mo. App. 585, 596; Oliphant v. Whitney, 34 Cal. 25; 1 Black on Judgments, sec. 326.]   It is true that, under section 2098, Revised Statutes 1909, the court need not have heard evidence if, properly speaking, there had been a default; but as there is no default when an answer is filed, evidence should have been heard.

Plaintiff suggests that the face of the judgment shows that evidence was heard.   The judgment is set out in the record proper and it does contain a state-

ment that "the cause was submitted to the court upon the pleadings, evidence and proofs, and the court being fully advised finds the issues for the plaintiff," etc. But, in considering an appeal, a record of the trial must appear in the bill of exceptions, and that which belongs there is not proven by entries in the record proper. We accept the bill of exceptions as a record of the trial importing *absolute verity*.

But it is further suggested that the answer was only a general denial and that as it was not under oath, it was not a denial of the execution of the note. And as the defenses of payment or want of consideration require to be specially pleaded, there could be no defense under the view expressed in Smith v. Rembaugh, 21 Mo. App. 390. But in Norman v. Hooker, supra, it was ruled that a judgment by default rendered when an answer was on file, should be set aside without passing on "the sufficiency of the answer." An answer or demurrer, should be disposed of before entering judgment by default: Black on Judgments, supra. It was not a question involving the trial court's discretion to set aside a default and permit the filing of an answer. Here an answer had been filed and there was no default.

Again it is stated that the testimony of one of the plaintiffs given on the motion to set aside the default, shows that he had no defense to the note. We do not feel authorized to interpret it that way. He testified that he wanted to pay the note, if he could make certain arrangements, but if he could not, he would invoke a defense he had. But, besides this, there was no claim that the other defendant herein at any time recognized the note or stated it should be paid.

The foregoing makes it unnecessary to decide whether the provision for ten per cent as an attorneys fee and costs of collection, would require evidence showing that a certain sum, as much, or less, than that per cent would amount to, was incurred and paid; and, if

it did require such evidence, whether a general denial would raise that issue.

The judgment is reversed and the cause remanded with directions to set aside the default. All concur.