L. W. EUBANKS, RESPONDENT, v. MISSOURI NATIONAL LIFE INSURANCE COMPANY, APPELLANTS.*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2288, p. 515, n. 2; section 2298, p. 521, n. 76; section 2365, p. 557, n. 48; Contracts, 13CJ, section 666, p. 615, n. 81; Judgments, 34CJ, section 371, p. 160, n. 15.

*D. S. Mayhew* for appellant.

*L. W. Eubanks* for respondent.

COX, P. J.—Action upon a sick and accident insurance policy. Judgment for plaintiff for full amount asked with penalty and attorney's fee added for vexatious delay. Defendant appealed.

The record shows that D. S. Mayhew filed an answer for defendant alleging that settlement had been made and defendant had mailed plaintiff a check for $46.43 as payment in full of defendant's liability on account of plaintiff's claim. That plaintiff accepted and cashed this check and is now estopped from collecting any more. Further, that plaintiff had visited his office each day after the first two days and cannot claim total disability for a longer period.

The record does not show that a reply to defendant's answer was filed.

It appears to be conceded that on March 25, 1929, D. S. Mayhew withdrew as attorney of record for defendant though that fact is not shown in the bill of exceptions nor by entry in the record proper. It does appear in a statement by counsel for appellant and respondent also states the same fact in his statement. On March 26, the first day thereafter plaintiff filed an amended petition which charged that the failure of defendant to pay plaintiff was vexatious and asked for penalties and attorney's fee. That allegation was not in the original petition. On the same day, March 26, 1929, judgment was rendered in plaintiff's favor for the full amount asked.

Appellant's first contention is to the effect that the judgment was a default judgment and rendered without any testimony being heard and insists that when an answer is filed, and especially if it set up an affirmative defense, it is error to render a default judgment, but a trial should be had and evidence heard even though the defendant did not appear at the trial. That position is correct as a legal proposition but is not tenable on the record in this case.

The judgment recites that evidence was heard and the bill of exceptions does not show that no evidence was heard. Under such circumstances the recital of the judgment will be taken as correct and for the purposes of the appellate court the case made must be held to show that evidence was heard. [Schopp v. Continental Underwriters Co., 284 S. W. 808, 809.]

Had the fact that no evidence was heard, if it were a fact, been preserved in the bill of exceptions, that would have prevailed over the recital in the judgment. [Gates City Bank v. Strothers, 188 Mo. App. 214, 175 S. W. 76.]

The petition alleged that plaintiff had paid defendant the premium for a full year amounting to $100 and only one-third of the year had elapsed until defendant breached the contract by not paying all it owed on plaintiff's claim and asked that two-thirds of the premium, to-wit, $66 be returned to him and the contract rescinded. This $66 was included in the judgment in plaintiff's favor. This was

error. The petition states that defendant had paid $46.26 on this claim. This allegation of the petition shows that defendant had admitted liability on this particular claim and had paid part of it. That was at least part performance on its part and the general rule is that when there has been a part performance of a contract by one party which has been accepted by the other party, the party so accepting cannot thereafter rescind the contract but it must stand and his right of recovery must be based upon a breach of it. [13 C. J. 615, sec. 666; Kauffman v. Rader, 108 Fed. 171; Miller v. Palmer, 95 Wis. 526, 70 N. W. 659.]

There are statements by counsel for appellant as to why he withdrew from the case and was afterward recognized as counsel for defendant and also statements by counsel for plaintiff as to certain threats of delay made by an agent of defendant but none of these are preserved in the bill of exceptions and hence cannot be considered by us. The bill of exceptions contains the motion for new trial but nothing else. Since the motion for new trial does not prove itself there is nothing before us but the record proper. The error which we have noted is shown by the petition and judgment which are parts of the record proper and are here for our consideration.

The judgment will be reversed and the cause remanded.

*Bailey* and *Smith, JJ.*, concur.