### KLEIN v. RAPPAPORT.

### No. 1234.

Municipal Court of Appeals for the District of Columbia.

Argued July 21, 1952.

Decided Aug. 5, 1952.

Ira M. Lowe, Washington, D. C., for appellant.

Jackson Brodsky, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Eugenia Klein asks us to vacate a judgment by default which was entered against her in the trial court without proof. She had been sued for the value of certain work performed and drapery materials furnished by plaintiff. She filed an answer denying any indebtedness to plaintiff and denying that she had purchased any merchandise from him. The answer asserted that the work had been performed in an unworkman-like manner and that plaintiff had ruined the material she had furnished him. She also filed a counterclaim demanding the value of the material furnished to and ruined by the plaintiff. Plaintiff by written reply joined issue on the counterclaim. Plaintiff also served interrogatories on defendant and the answers thereto were filed in the trial court.

Several months later when the case was called for trial attorneys for both parties

---

were present and defendant's attorney asked for a continuance on the ground that defendant was ill. Objection being made by plaintiff the court continued the case for one day to enable defense counsel to present a doctor's certificate. Immediately following this defendant's attorney, accompanied by the attorney for plaintiff, telephoned defendant's home and reached her husband who said she was not in and was not expected until 5 o'clock in the afternoon. The husband was told that the court required a doctor's certificate by the following morning. The next day a physician's statement was presented to the judge, certifying that defendant was in "no physical condition to stand the strain of making an appearance in court as a witness." The diagnosis was stated as "Arteriosclerotic Hypertensive Disease." Defense counsel told the judge that defendant was again reported out for the day and was not expected home until late afternoon. This information the judge communicated to the physician by telephone. The physician told the judge that if defendant was not at home then she was not as ill as he, the physician, thought she was. Thereupon the judge denied a further continuance and proceeded to enter judgment by default against defendant. A motion to vacate the default judgment was filed and this was heard by another judge[1] and overruled.

As to the refusal of a continuance we need do no more than repeat the familiar rule that this is a matter which rests within the sound discretion of the trial court and is generally not subject to reversal except when an abuse of discretion is shown. Harrah v. Morgenthau, 67 App. D.C. 119, 89 F.2d 863; Etty v. Middleton, D.C.Mun.App., 62 A.2d 371.

A more serious question is whether the trial court could properly enter a judgment by default on the then state of the record. It must be remembered that de-

fendant had not defaulted in pleading. She had filed an answer and a counterclaim. Plaintiff having replied to the counterclaim, the case was at issue not only on the original claim but on the counterclaim as well. With the litigation in that posture and the judge having decided that there should be no further continuance, he should have proceeded to take proof and enter judgment on the merits. It was not proper to enter a judgment by default. Absence of a defendant when a case is called for trial after it is at issue does not warrant a judgment against him by default, but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced. Freeman on Judgments § 1266 (5th ed., 1925), citing among other cases, Acheson v. Inglis Bros., 155 Iowa 239, 135 N.W. 632; Strong v. Comer, 48 Minn. 66, 50 N.W. 936; Gate City Bank v. Strother, 188 Mo.App. 214, 175 S.W. 76; Luke v. Coffee, 31 Nev. 165, 101 P. 555. The same view is expressed in Eubanks v. Missouri Nat. Life Ins. Co., 223 Mo.App. 1095, 24 S.W.2d 715.

Recent federal decisions have taken the same position. In Bass v. Hoagland, 5 Cir., 172 F.2d 205, 210, certiorari denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494, Sibley, J., speaking for the United States Court of Appeals, 5th Circuit, emphatically stated the rule in these words: "When [defendant] by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him. The burden of proof was put on the plaintiff in any trial. When neither [defendant] nor his attorney appeared at the trial, no default was generated; the case was not confessed. The plaintiff might proceed, but he would have to prove his case."[2]

Here the judgment was predicated on no proof but was obviously based entirely on the absence of defendant from the trial. In entering the default judgment the trial court dispensed with testimony at a time

---

1. No reason appears for this, but as no objection seems to have been made by either side the irregularity seems to be of no moment on this appeal.

2. To the same effect are Commercial Casualty Ins. Co. v. White Line T. & S.

Co., 8 Cir., 114 F.2d 946; Ken-Mar Airpark Inc. v. Toth Aircraft & Accessories Co., D.C.W.D.Mo., 12 F.R.D. 399. See also Klapprott v. United States, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, modified, 336 U.S. 949, 69 S.Ct. 877, 93 L.Ed. 1105.

when testimony was essential, and despite a set of pleadings presenting issues which could only be resolved by the taking of testimony. This is true of the plaintiff's claim which was at issue; it is equally true of defendant's counterclaim, which was also at issue and which substantially exceeded the amount of plaintiff's claim. The counterclaim seems to have been lost or forgotten in the erroneous entry, for it is not mentioned in the judgment.

We know of no statute or rule of court in this jurisdiction which sanctions the entry of this type of judgment on the kind of record here presented.[3] We must hold that the judgment as entered, though perhaps not void, was at least erroneous, and so irregular that it cannot be permitted to stand.

Reversed.

3. Municipal Court Rule 39 Section A authorizes judgment by default for failure to plead; Rule 39 Section B provides for dismissal when a party seeking relief fails to appear, and for a trial when party against whom relief is sought fails to appear. It also provides that judgment may be entered without trial under Rule 55. Rule 55 provides that when a party against whom a judgment by default is sought has appeared in the action he (or his representative) shall be served with a written notice of the application for judgment at least three days prior to the hearing of such application.