**W. H. F. C., INC., t/a Washington Household Furniture Company, Inc., Appellant,**

v.

**Norman HAYES, Jr., and Cecelia Hayes, Appellees.**

**No. 3545.**

District of Columbia Court of Appeals.

Argued Oct. 12, 1964.

Decided Nov. 20, 1964.

P. R. La Padula, Washington, D. C., for appellant.

No appearance for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant brought this action against appellees to recover the balance of $551.41 due on a kitchen cabinet and a television set purchased at appellant's store. Appellees answered the complaint claiming that the television set was inoperable and that appellant had refused to repair it. At the conclusion of the trial,[1] the court found that appellant had failed to repair the television set although given a reasonable opportunity to comply with its written guaranty. The court found appellees liable under the con-

1. Norman Hayes appeared *pro se* and for Cecelia Hayes.

tract for the balance of $90 due on the kitchen cabinet and entered a finding in that amount for appellant.

On appeal it is urged that since Cecelia Hayes did not appear at trial, a default should have been entered against her for $551.41. Appellant also contends that it did not have a reasonable opportunity to comply with the guaranty. Neither contention is valid. "Absence of a defendant when a case is called for trial after it is at issue does not warrant a judgment against him by default, but a trial or hearing on the issues is necessary and the judgment which follows is based on the proof adduced." Klein v. Rappaport, D.C.Mun.App., 90 A.2d 834, 835 (1952).[2] The question of whether appellant had a reasonable opportunity to repair the television set was one of fact. We find no error.

Affirmed.

---

2. The record does not support appellant's suggestion that the finding in the amount of $90 was only against Norman Hayes.