Kathleen Jean WESSELS, Respondent,

v.

Mark SWANSON, Appellant.

No. 49558.

Supreme Court of Minnesota.

Nov. 23, 1979.

Paul A. Skjervold, Minneapolis, for appellant.

John M. Lundblad, County Atty., William P. Simons, Asst. County Atty., Jackson, for respondent.

SHERAN, Chief Justice.

In this paternity proceeding, the defendant appeals from an order of the district court denying his motion to vacate a de-

fault judgment entered March 13, 1978, which determined that he was the father of twin boys born to plaintiff on May 11, 1976, and also adjudged that the Jackson County Welfare Board was entitled to judgment against him for $7,587 expended for the support of plaintiff and the children. We direct affirmance of the order, effective 90 days after the filing of this opinion, unless within that period defendant has presented evidence as specified hereinafter to justify relief from the operation of the judgment.

It is unnecessary to detail the procedural history of the action prior to the making of defendant's motion. Our review of the record compels the conclusion that defendant failed to make the showing required to obtain relief on grounds of mistake, inadvertence, surprise, or excusable neglect pursuant to R. 60.02(1), R.Civ.P., since he advanced no reason for his failure and neglect to file an answer and to appear at trial and he failed to act with due diligence after receiving notice of entry of the judgment. *Hinz v. Northland Milk & Ice Cream Co.*, 237 Minn. 28, 53 N.W.2d 454 (1952). Thus, the trial court did not abuse its discretion in denying defendant's motion.

We are cognizant, however, not only of the financial burden placed upon defendant as a result of the adjudication of parentage, but also of the even more significant consequences of the adjudication both for him and the other persons affected by it. *See Hepfel v. Bashaw*, 279 N.W.2d 342 (Minn.1979). Such consequences require that an adjudication of paternity be based on the most reliable kind of evidence available. In two decisions released in the last few months, *Hepfel v. Bashaw, supra*, and *State, on behalf of Ortloff v. Hanson*, 277 N.W.2d 205 (Minn.1979) we have recognized that recently developed and highly sophisticated blood-grouping tests may furnish such evidence and have urged the legislature to consider the matter of blood testing in the context of paternity actions. In this case we have concluded that if such tests furnish reliable evidence substantiating defendant's denial of paternity, such evidence would furnish a reason justifying relief from the operation of the judgment pursuant to R. 60.02(6).

Consequently, we direct that within 90 days after the filing of this opinion defendant be permitted to present proof to the trial court (1) that blood-grouping tests are available which are capable of establishing affirmatively to a high degree of probability that he is not the father of the children, and (2) that he has undergone or will undergo such tests, and that they are likely to substantiate his denial of paternity.

If the defendant is able to produce or obtain evidence of the kind described in the previous paragraph, the default judgment should be vacated; otherwise the determination of the trial court is affirmed.

Remanded for further proceedings.