COUNTY OF HENNEPIN on Behalf of
Tammie Lea BARTLOW, Petitioner,
Respondent,

v.

Dennis BRINKMAN, Appellant.

No. C3–84–1605.

Court of Appeals of Minnesota.

March 19, 1985.

Review Granted May 20, 1985.

Mark V. Chapin, Asst. County Atty.,
Minneapolis, for respondent.

David M. Duffy, Minneapolis, for appellant.

Heard, considered and decided en banc
by POPOVICH, C.J., and FOLEY, SEDG-
WICK, HUSPENI, NIERENGARTEN,
RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant Dennis Brinkman contends the
trial court erred when ordering a default
judgment based on his failure to comply
with an order for blood tests. We reverse.

## FACTS

In November 1983, Dennis Brinkman
was served with a verified petition assert-
ing that he was the father of Tammie Lea
Bartlow's child. Brinkman served an an-
swer denying he was a parent of the child.
He made a personal appearance with coun-
sel, in January 1984; following his request
for blood tests, the court ordered that the
parties submit to those tests.

On two scheduled occasions, appellant
failed to appear for the scheduled taking of
blood samples. He did not explain his fail-
ure to appear, and he made no contacts
with public authorities about the appear-
ance.

In April 1984, counsel for respondent
Bartlow moved for judgment by default on
the claim of parentage, asserting that this
was an appropriate sanction under Minn.
Stat. § 257.62, subd. 4 (1984), part of the
statute dealing with orders for blood tests.
Over objections of appellant's attorney, the
default judgment was granted in June
1984.

## ISSUE

Did the trial court err in its choice of a sanction:

## ANALYSIS

Minn.Stat. § 257.62, subd. 4 (1984) provides:

The refusal to submit to blood tests or genetic tests, or both, may be admitted into evidence and is subject to the sanctions within the jurisdiction of the court.

 Parentage cases are governed by Minnesota Rules of Civil Procedure. Minn. Stat. § 257.65 (1984). Judgment by default is expressly included in the list of sanctions for failing to obey a court order. Minn.R. Civ.P. 37.02(2)(c). The rule permits the court at its discretion to choose a "just" sanction from among those listed.

An order for judgment by default is the most severe sanction the court can impose for violation of a discovery order. As a result, the discretion of the court should be carefully exercised when the sanction is considered. *Trans World Airlines v. Hughes*, 332 F.2d 602, 614 (2d Cir.1964).

Affected parties have "substantial" interests in the accuracy of an adjudication of parentage. *Hepfel v. Bashaw*, 279 N.W.2d 342, 345, 346 (Minn.1979). *See Wessels v. Swanson*, 289 N.W.2d 469 (Minn.1979). These cases show the importance of blood test evidence. *See State ex rel. Ortloff v. Hanson*, 277 N.W.2d 205 (Minn.1979). They also show the danger of judgments that are not carefully determined.

We conclude that the trial court abused its discretion in choosing a sanction of default judgment in a parentage case. To guarantee that a blood test is available, proceedings to compel submission to the test would be appropriate. If adjudication is to occur without the test, that should be done without forbidding a defendant's appearance on the merits of the petition.

This view on sanctions conforms to the will of the legislature expressed in Minn. Stat. § 257.62. The legislature has provid-

ed specifically for a sanction of admitting evidence of refusing blood tests. The choice of a sanction of default judgment makes meaningless the specific provisions on trial evidence.

We are also troubled about the choice of the court to order judgment without hearing evidence to support the complaint.

As a general rule, the court may decide in each case whether to take evidence upon application of default judgment for other-than-money relief. Minn.R.Civ.P. 55.01(3). However, supporting evidence is unusually important in parentage cases, due to the requirement that these adjudications "be based on the most reliable kind of evidence." *Wessels*, 289 N.W.2d at 470. At least, verification of the petition should be accompanied by testimony that denies the parentage of any other man.

When, as here, the defendant has answered the complaint, the choice to order judgment without hearing evidence is never appropriate. It is settled that choice of this procedure is reversible error. *Strong v. Comer*, 48 Minn. 66, 67, 50 N.W. 936, 937 (1892).

## DECISION

The court erred in choosing an order for default judgment as a sanction for appellant's failure to submit to blood tests.

Reversed.